## ROYAL BAKING POWDER CO. v. FEDERAL TRADE COMMISSION et al.

Court of Appeals of District of Columbia.
Submitted April 2, 1929. Decided
May 6, 1929.

Motion to Modify Opinion Denied and Petition for Rehearing Denied May 28, 1929.

No. 4740.

Matthew E. O'Brien and Matthew H. O'Brien, both of Washington, D. C., for appellant.

Robert E. Healy, Adrien F. Busick, and Martin A. Morrison, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from a decree of the Supreme Court of the District of Columbia dismissing a bill of complaint filed by appellant, the Royal Baking Powder Company, against the Federal Trade Commission and the individual commissioners, appellees, seeking relief by writ of injunction against the action of the commission alleged to be in excess of its jurisdiction. For convenience appellant will be hereafter referred to as "the company," and appellees as "the commission."

It appears that the commission issued an original and supplemental complaint against the company: One in February, 1920, and the other in April, 1923, under "Docket No. 540." The commission charged the company with the use in interstate commerce of certain methods of competition alleged to be unfair and in violation of section 5 of the Federal Trade Commission Act (38 Stats. 717 [15 USCA § 45]).

The company answered the complaints, and evidence was taken by a trial examiner, who reported on November 12, 1925, to the effect that the complaints were without merit and that there was no violation of the act by the company. Arguments were had before the commission, and on March 23, 1926, the commission issued and served upon the company its final order in Docket 540, dismissing the supplemental and amended complaint, which order was enrolled and recorded. On the same day counsel for the commission filed a motion praying that the order of dismissal be vacated and a rehearing granted, and that an order to cease and desist from certain specific practices charged in the complaint be issued against the company. The motion was argued before the commission, but before it was decided counsel for the commission asked leave to file a supplemental motion on the ground of the discovery of new and additional evidence sufficient to require further proceedings in the cause.

On July 7, 1926, the commission entered an order in cause Docket No. 540 vacating the order of dismissal issued March 23, 1926, and reopening the case for the taking of certain additional evidence on matters specified in the order.

On September 29, 1926, the commission directed that the company be required to appear on the 8th day of October, 1926, and show cause why the following order should not be made: "It is ordered that the order of the commission dismissing this case on March 23, 1926, and that the order entered by the commission on July 7, 1926, relating to the reopening of the case for certain purposes only, be and the same is hereby vacated, set aside and held for naught. It is further ordered that this case be and the same is hereby reopened for the taking of additional evidence relative to the issues raised by the pleadings and occurring since the close of the taking of evidence on May 2, 1925. It is further ordered that evidence be also taken concerning the publication and circulation by the respondent of copies of the report upon the facts filed November 10, 1925, by Trial Examiner Edward M. Averill, and that publication and circulation by the respondent of other matters relevant to the issues involved in this proceeding down to the closing of the taking of such additional evidence pursuant to this order."

To prevent the making of this order, plaintiff company filed in the court below a petition for a writ of certiorari asking the court to review the entire record of the case before the commission with the alternative prayer that in the event that the court should find that the writ of certiorari should not be granted the case should be transferred to the equity side of the court. The court below denied the writ of certiorari and transferred the case to the equity side of the court, where an amended petition was filed, and from the decree dismissing that petition the case was brought here on appeal.

It will be observed that the only ground for injunction is the alleged threat of the commission to enlarge the purposes for which Docket 540 had been reopened by the order of July 7, vacating its former order of dismissal, and this is the only irreparable injury against which injunction is sought. It is therefore in the position of seeking an injunction against an anticipated order which the commission may or may not make. Had the company appeared and shown cause as directed on the 8th of October, 1926, it is not certain that the order set out in the notice would have been entered. The commission might well have adhered to its original order of dismissal or its later order of July 7, 1926, and denied the motion of counsel for the commission. It is clear that there is no such threatened invasion of the company's rights as would justify an injunctive order.

But, assuming that on hearing on October the 8th the commission had granted the alleged threatened order, the company

would be in no better position. ' It would be met by the objection that it could have reserved its exceptions to the order, and when the case was finally disposed of before the commission, if adverse to the interests of the plaintiff, it had a plain and adequate remedy at law through section 5 of the statute, which provides a remedy for the enforcement of the orders of the commission through an action brought in the proper Circuit Court of Appeals, and a remedy by which any person, partnership, or corporation, against whom an order has been issued by the commission, may bring an action in the same court to have the order set aside.

It is well settled that the right of review herein afforded by the Circuit Court of appeals constitutes a "plain, speedy, and adequate remedy at law," and is a bar to the remedy by injunction. Federal Trade Commission v. Claire Furnace Co., 274 U. S. 160, 47 S. Ct. 553, 71 L. Ed. 978; Coffin Bros. v. Bennett, 277 U. S. 29, 48 S. Ct. 422, 72 L. Ed. 768; McCoy v. Shaw, 277 U. S. 302, 48 S. Ct. 519, 72 L. Ed. 891.

The decree is affirmed, with costs.