## ARON et al. v. FEDERAL TRADE COMMISSION et al.

### Civil Action No. 3127.

District Court, E. D. Pennsylvania.

May 17, 1943.

Arthur S. Salus and Nathan Lavine, both of Philadelphia, Pa., for plaintiffs.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., and W. T. Kelley, Chief Counsel, Federal Trade Commission, and Cyrus B. Austin, Sp. Atty., Federal Trade Com-

mission, both of Washington, D. C., for defendants.

KALODNER, District Judge.

The issue here is as to whether this court has jurisdiction to enjoin the holding of hearings and the taking of testimony in a proceeding before the Federal Trade Commission.

Briefly stated, the facts are as follows:

On or about August 10, 1942, the Federal Trade Commission instituted proceedings against the plaintiffs. The Commission's complaint charged the plaintiffs with engaging in unfair acts and practices in commerce and violation of Section 5 of the Federal Trade Commission Act, 52 Stat. 111, 15 U.S.C.A. § 45.[1] Specifically, the Commission's complaint alleged that plaintiffs were engaged in the distribution and sale of push cards and punch boards in interstate commerce; that said push cards and punch boards are sold for the purpose of being used, and are used by, the ultimate purchasers thereof, in combination with other merchandise as a means of selling such other merchandise by means of lot or chance; that such sale and distribution of push cards and punch boards by plaintiffs supplies to, and places in the hands of, the purchasers a means of conducting lotteries and games of chance, and of selling and distributing merchandise in interstate commerce packaged and assembled for sale by lot or chance, and is contrary to the public interest.

On September 22, 1942, the plaintiffs filed their answer to the complaint. Subsequently, on April 14, 1943, the Commission scheduled hearings in Philadelphia to commence April 26, 1943, and designated the defendant Preston to conduct such hearings as Trial Examiner.

On April 21, 1943, plaintiffs filed a complaint in this Court praying, inter alia, that a preliminary injunction issue restraining the Commission and the individual defendants named in the complaint from holding any hearings or otherwise proceeding with the prosecution of the Commission's complaint.

The plaintiffs premise their action here on the contention that the Commission's complaint does not allege that the plaintiffs are engaged in competition with other punch board manufacturers, and that the sale and distribution of the punch boards in interstate commerce does not, in itself, constitute an unfair act or practice in commerce, and that therefore the Commission is without jurisdiction in the premises.

The Commission filed a motion to dismiss the plaintiffs' complaint here, raising the issue as to this Court's jurisdiction.

■ It is clear that the plaintiffs' motion for preliminary injunction must be denied, and that the Commission's motion to dismiss the plaintiffs' complaint must be granted.

■ This court is without jurisdiction to enjoin any proceedings before the Federal Trade Commission.

■ A proceeding before the Commission is a statutory proceeding, under the provisions of Section 5 of the Act. Jurisdiction to determine what constitutes unfair acts or practices in commerce, within the meaning of the Act, is vested exclusively in the Commission—and this Court may not substitute its jurisdiction for that of the Commission for the purpose of determining whether the acts and practices charged in the Commission's complaint constitute unfair acts or practices, which the Commission alone is authorized to restrain.

■ The Federal Trade Commission Act provides for full hearing to persons charged with its violation. The Act further provides that any cease and desist order made by the Commission may be reviewed *by the United States Circuit Court of Appeals, and that the jurisdiction of the Circuit Court of Appeals to affirm, enforce, set aside, or modify any order of the Commission is exclusive, under Section 5(d) of the Act.*

■ Apart from the fact that the Circuit Courts alone are vested with exclusive jurisdiction to review orders of the Federal Trade Commission, it is well settled that the conduct of a statutory proceeding by an administrative agency of the government, where judicial review is provided for by the enabling statute, may not be enjoined by either a District Court or a Circuit Court of Appeals.

■ As was stated in Myers et al. v. Bethlehem Shipbuilding Corp., 303 U.S.

---

[1] Section 5(a) of the Act provides as follows: "Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful."

41, 51, 52, 58 S.Ct. 459, 464, 82 L.Ed. 638: "Obviously, the rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage. Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact."

In the Myers case, the National Labor Relations Board had filed a complaint against the Bethlehem Shipbuilding Corp., charging it with unfair labor practices affecting commerce, and served notice of hearings thereon. The Shipbuilding Corp. filed a bill in equity in the District Court to enjoin the Board from holding hearings, alleging that the provisions of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., were not applicable to the Corporation's business because its operations were not carried on in, and did not affect, interstate commerce, and that accordingly such hearings would be futile and that they would result in irreparable damage to the Corporation. In reversing a decree for a preliminary injunction and a direction to dismiss the bill, the Supreme Court said (pages 50, 51 of 303 U.S., page 463 of 58 S.Ct., 82 L.Ed. 638): "The Corporation contends that, since it denies that interstate or foreign commerce is involved and claims that a hearing would subject it to irreparable damage, rights guaranteed by the Federal Constitution will be denied unless it be held that the District Court has jurisdiction to enjoin the holding of a hearing by the Board. So to hold would, as the government insists, in effect substitute the District Court for the Board as the tribunal to hear and determine what Congress declared the Board exclusively should hear and determine in the first instance. *The contention is at war with the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.* That rule has been repeatedly acted on in cases where, as here, the contention is made that the administrative body lacked power over the subject matter." (Emphasis supplied.)

The Supreme Court of the United States in Federal Power Commission v. Metropolitan Edison Co. et al., 304 U.S. 375, page 385, 58 S.Ct. 963, page 968, 82 L.Ed. 1408, reiterated its ruling in the Myers case, saying: "So, attempts to enjoin administrative hearings because of a supposed or threatened injury, and thus obtain judicial relief before the prescribed administrative remedy has been exhausted, have been held to be at war with the long-settled rule of judicial administration. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638, decided January 31, 1938. See, also, Securities and Exchange Comm'n v. Andrews, 2 Cir., 88 F.2d 441."

The necessity of exhaustion of administrative remedies prescribed by statute was pointed out by the United States Supreme Court in Lockerty et al. v. Philips, 63 S.Ct. 1019, 87 L.Ed. —, Decided May 10, 1943.

Said the court in that case (page 1022 of 63 S.Ct.): "Appellants are thus seeking the aid of the district court * * * without pursuing the administrative remedy provided by the statute (cf. Illinois Commerce Commission v. Thomson, 318 U.S. 675, 63 S.Ct. 834 [839], 87 L.Ed. —, decided April 12, 1943), and without recourse to the judicial review by the Emergency Court of Appeals and by this Court which the statute affords."

In ruling that the Emergency Court of Appeals had exclusive jurisdiction to review price enforcement orders (akin to the exclusive jurisdiction in Circuit Courts of Appeals to review orders of the Federal Trade Commission), the Supreme Court stated in the Lockerty decision (page 1022 of 63 S.Ct.): "In the light of the explicit language of the Constitution and our decisions, it is plain that Congress has power to provide that the equity jurisdiction to restrain enforcement of the Act, or of regulations promulgated under it, be restricted to the Emergency Court, and, upon review of its decisions, to this Court. Nor can we doubt the authority of Congress to require that a plaintiff seeking such equitable relief resort to the Emergency Court *only after pursuing the prescribed administrative procedure.*" (Emphasis supplied.)

See, also, Newport News Shipbuilding & Dry Dock Co. v. Schauffler et al., 303 U. S. 54, 58 S.Ct. 466, 82 L.Ed. 646; Petroleum Exploration, Inc. v. Public Service Commission et al., 304 U.S. 209, 221, 58 S. Ct. 834, 82 L.Ed. 1294.

In Royal Baking Powder Co. v. Federal Trade Commission et al., 59 App.D.C. 70, 32

F.2d 966, certiorari denied 280 U.S. 572, 50 S.Ct. 28, 74 L.Ed. 624, the Commission had ordered Royal to show cause why a previous order of the Commission dimissing the proceedings should not be vacated and the proceedings' re-opened for the taking of additional testimony. Royal then filed a complaint in the District Court, praying that the making of such an order be enjoined. The District Court dismissed the bill. The Court of Appeals of the District of Columbia, in affirming the decree of dismissal, said (page 968 of 32 F.2d): "It is well settled that the right of review herein afforded by the Circuit' Court of Appeals constitutes a 'plain, speedy, and adequate remedy at law,' and is a bar to the remedy by injunction."

In Chamber of Commerce of Minneapolis et al. v. Federal Trade Commission et al., 280 F. 45, the United States Circuit Court of Appeals for the Eighth Circuit ruled *that neither the District Court nor the Circuit Court of Appeals is empowered to review or interfere with a Federal Trade Commission proceeding in its preliminary stages*, even though the jurisdiction of the Commission is challenged. Said the Court in that case (page 48 of 280 F.):

"* * * It is our judgment that neither the District Court nor this court has power under the act to interfere with the investigation and inquiry of the Commission, involving the taking of testimony and the finding of facts essential to the making of such an order as shall ultimately be passed upon by the Circuit Court of Appeals for enforcement, affirmance, modification, or setting aside. * * *

"To halt this investigation before testimony is taken would be an invasion of the powers of the legislative and executive branches of the government."

To the same effect was the decision in T. C. Hurst & Son v. Federal Trade Commission et al., D.C., 268 F. 874. Said the court in that case (page 878 of 268 F.): "* * * The jurisdiction of the Circuit Court of Appeals to enforce, set aside, or modify orders of the commission, is exclusive. In all of the proceedings, whether before the commission or the court, the amplest provision is made for notice to and full hearing of all parties interested, and for this court, for any of the reasons urged, to anticipate by injunction the action of the commission, and the judgment of the court charged under the law with the

review thereof, would be clearly an usurpation of authority."

In view of the above, I am of the opinion that this Court is without jurisdiction in the proceedings here filed by the plaintiffs, and that the Commission's motion to dismiss the instant Complaint must be granted.

An order may be submitted in accordance with this Opinion.