**OLIN INDUSTRIES, Inc., v. NATIONAL LABOR RELATIONS BOARD.**

Civ. A. No. 6798.

District Court, D. Massachusetts.

June 12, 1947.

Allen Seserman, of Boston, Mass., for plaintiff.

Samuel G. Zack, of Boston, Mass., for defendants Zack and Alpert, individually, and as Regional Attorney and Regional Director of NLRB, and specially for Herzog, Houston and Reynolds, individually, and as members of National Labor Relations Board.

HEALEY, District Judge.

This action is purportedly brought under Sections 10(a) and 10(c) of the Adminis-

trative Procedure Act of 1946, 5 U.S.C.A. § 1001 et seq., to enjoin the National Labor Relations Board, Bernard L. Alpert, its Regional Director, and Samuel G. Zack, its Regional Attorney, individually and severally, from conducting hearings scheduled on May 27, 1947 as part of representation proceedings in accordance with Sec. 9 of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., until such time as proper rules of procedure are published in the Federal Register in accordance with Sec. 3(a) of the Administrative Procedure Act of 1946.

The court is also asked to order the defendants to publish rules of procedure, used in processing representative proceedings, in the Federal Register, stating all stages, steps, courses or alternatives for each of the new types of functions it believes it is authorized to perform in such representative proceedings brought under Section 9(c) of the National Labor Relations Act.

On October 18, 1946, a petition for certification of representatives of complainants' employees was filed with the respondent, National Labor Relations Board, and Alpert, its Regional Director, by an organizer of a union.

That petition was set down for hearing to be held May 27, 1947.

Since this complaint was not heard by the court until May 26, 1947, the defendants have agreed to cancel the hearing on the petition before them until such time as this court may dispose of this matter.

The complainant alleges that in the processing of representation proceedings by the defendants, the Board has adopted certain unpublished procedures, enumerated in the complaint, which are prejudicial to complainant's interest, in that it is unable to determine its rights and privileges and the expected procedure of the Board in the representation proceedings. It further alleges that these procedures were not published in the Federal Register as required by Section 3(a) of the Administrative Procedure Act, and that unless interim relief is granted to it, it will suffer irreparable injury and that greater injury will be inflicted upon it by the denial of the relief prayed for than will be inflicted upon the respondents by the granting of such interim relief.

Paul M. Herzog, John M. Houston and James J. Reynolds, Jr., individually and as members of the National Labor Relations Board, appeared specially for the sole purpose of objecting to the jurisdiction of this court over the defendants.

Bernard L. Alpert, individually and as Regional Director for the First Region, National Labor Relations Board, and Samuel G. Zack, individually and as attorney for the First Region, National Labor Relations Board, filed a motion to dismiss the bill of complaint for the following reasons:

1. The respondents are not proper parties in this proceeding.

2. The court has no jurisdiction over the subject matter.

3. The bill of complaint fails to allege a cause of action.

4. The plaintiff has not exhausted its legal remedies.

5. The plaintiff has failed to show that the acts complained of in the bill of complaint are such as will cause it irreparable damage entitling it to invoke the equity jurisdiction of this court.

Paul M. Herzog, John M. Houston and James J. Reynolds, Jr., individually and as members of the National Labor Relations Board, also appeared specially solely for the purpose of moving to quash the summons and to dismiss the complaint, for reasons set forth in said motion.

The motion to quash must be allowed, in so far as the members of the National Labor Relations Board and the Board are concerned. Both the Board and its members are inhabitants of the District of Columbia, and they have not been served with summons within this District, or elsewhere. Bradley Lumber Co. v. National Labor Relations Board, 5 Cir., 84 F.2d 97; Jamestown Veneer & Plywood Corporation v. National Labor Relations Board, D.C. 13 F.Supp. 405; Isthmian Steamship Co. v. LeBaron, D.C.S.D.N.Y., 1946, 72 F. Supp. 223.

Nor is service upon the Regional Director or Attorney of the Board in this

District sufficient to bring the Board or its members into this court. International Molders Union of North America v. National Labor Relations Board, D.C., 26 F. Supp. 423; New England Transportation Co. v. Myers, D.C. 15 F.Supp. 807; Jamestown Veneer & Plywood Corporation v. National Labor Relations Board, D.C. 13 F. Supp. 405.

The remaining questions to be determined are whether the court has jurisdiction over the subject matter; and, if so, whether the complainant has stated a cause of action entitling it to equitable relief.

It is stated in the complaint that this action is brought under Sections 10(a) and 10(c) of the Administrative Procedure Act of 1946, and that authority to adjudicate the matter is conferred on this court by Section 10(e) of said Act, 5 U.S.C.A. § 1009. The pertinent provisions of Section 10 are as follows:

"Sec. 10 Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion.

"(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof. * * *

"(c) Every agency action made reviewable by statute and every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review. Any preliminary, procedural, or intermediate agency action or ruling not directly reviewable shall be subject to review upon the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final shall be final for the purposes of this subsection whether or not there has been presented or determined any application for a declaratory order, for any form of reconsideration, or (unless the agency otherwise requires by rule and provides that the action meanwhile shall be inoperative) for an appeal to superior agency authority. * * *

"(e) So far as necessary to decision and where presented the reviewing court shall decide all relevant questions of law, interpret constitutional and statuto and determine the meaning or applicability of the terms of any agency action. It shall (A) compel agency action unlawfully withheld or unreasonably delayed; and (B) hold unlawful and set aside agency action, findings, and conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; (5) unsupported by substantial evidence in any case subject to the requirements of sections 7 and 8 or otherwise reviewed on the record of an agency hearing provided by statute; or (6) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. In making the foregoing determinations the court shall review the whole record of such portions thereof as may be cited by any party, and due account shall be taken of the rule of prejudicial error."

Both the terms of this section, and its legislative history, make it clear that section 10 is merely declaratory of the existing law of judicial review and that it neither confers jurisdiction on this court above and beyond that which it already has, nor grants to aggrieved parties any rights they did not have under the National Labor Relations Act.

It is well settled and obvious from its terms that the National Labor Relations Act confers no power on the district courts to review or enjoin any action of the Board. However, it has been held that the Act does not deprive the district courts of their general equity jurisdiction to enjoin the action of the Board where a complainant states a case entitling it to equitable relief. Klein v. Herrick, D.C., 41 F. Supp. 417.

It, therefore, becomes necessary to determine whether the complainant in the case at bar will be subjected to irreparable injury or whether it has an adequate remedy at law.

It has been uniformly held that the grant of power to the circuit court of ap-

peals to review orders of the Board does not include the power to enjoin preliminary hearings or preliminary acts of the Board or its representatives. American Federation of Labor et al. v. National Labor Relations Board, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347; Reilly et al. v. Millis et al., 79 U.S.App.D.C. 171, 144 F.2d 259; E. I. Dupont de Nemours & Co. et al. v. Boland, 2 Cir., 85 F.2d 12; National Labor Relations Board v. Falk Corporation, 308 U.S. 453, 459, 60 S.Ct. 307, 84 L.Ed. 396.

 Under the procedure set up by Congress in the National Labor Relations Act, neither the Board nor any of its agents have authority to enforce any order made by the Board. Associated Press Association v. Herrick, D.C., 13 F.Supp. 897; Myers et al. v. Bethlehem Ship. Corporation, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638.

Upon application by the Board, the appropriate circuit court of appeals may, upon notice, with the entire record of the proceedings before it, enforce the order of the Board, and until the court has acted, the complainant can stand upon its asserted rights and with impunity refuse to comply with the Board's orders. American Federation of Labor v. National Labor Relations Board, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347; Associated Press Association v. Herrick, D.C., 13 F.Supp. 897.

Or, if it is aggrieved by any final order of the Board, the complainant may petition the circuit court of appeals for a review. Myers v. Bethlehem Ship. Corp., 303 U.S. 41, 48, 58 S.Ct. 459, 82 L.Ed. 638.

In either case, the reviewing court will review all the proceedings before the Board to determine whether the Board's action is arbitrary or capricious, whether its findings of fact are supported by substantial evidence, and whether it erred in its interpretation of the law. National Labor Relations Board v. Jones & Laughlin Steel Corporation, 301 U.S. 1, 46, 47, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352.

Assuming, therefore, without deciding, that the Board has violated Section 3(a) of the Administrative Procedure Act, as alleged, the complainant has not stated a case entitling it to injunctive relief. Its rights are amply protected by the proced-

ural provisions of the National Labor Relations Act. Newport News Shipbuilding & Drydock Co. v. Schauffler, 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed. 646; Myers v. Bethlehem Ship. Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638. American Federation of Labor et al. v. National Labor Relations Board, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347.

The complaint should be dismissed and it is so ordered.