**GOODYEAR TIRE & RUBBER CO., Inc. v.
FEDERAL TRADE COMMISSION et al.**

Civ. A. No. 5455–49.

United States District Court
District of Columbia.

Jan. 18, 1950.

Cahill, Gordon, Zachry & Reindel, Washington, D. C., by Robert G. Zeller, Washington, D. C., for plaintiff.

W. T. Kelley, Joseph S. Wright, James B. Truly, Phillip R. Layton, Washington, D. C., George Morris Fay, United States Attorney for District of Columbia, Washington, D. C., for defendants.

MATTHEWS, District Judge.

This is an action brought by the Goodyear Tire & Rubber Company against the Federal Trade Commission and its members seeking to restrain defendants in the conduct of a pending administrative proceeding entitled "File 203-1, In the Matter of the Rubber Tire Industry"; and having for its purpose the determining of whether there should be fixed and established a quantity limit for replacement rubber tires and tubes. The applicable statute, 15 U.S.C.A. § 13, prohibits price discrimination but permits price differentials which make only due allowance for cost differences resulting from differing methods or quantities in which commodities are sold or delivered to purchasers, and provides that the Federal Trade Commission may, after due investigation and hearing to all interested parties, fix quantity limits as to particular commodities where the Commission finds that available purchasers in greater quantities are so few as to render price differentials on account thereof unjustly discriminatory or promotive of monopoly. The Commission published Rules of Practice and Procedure to govern the proceeding. Thereafter the plaintiff, a corporation engaged in the sale of replacement tires and tubes throughout the United States, petitioned the Commission, as an interested party, to amend said Rules for the conduct of the proceeding, contending that these rules will not afford plaintiff the "hearing" required by the cited statute, but only an opportunity to submit

"data views and argument." The petition was denied, and plaintiff contends that such denial is a final agency action and subject to judicial review under Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009.

The complaint in this Court seeks a judgment (1) declaring that the Federal Trade Commission in fixing quantity limits under 15 U.S.C.A. § 13, is subject to Sections 4, 7 and 8 of the Administrative Procedure Act, 5 U.S.C.A. §§ 1003, 1006, 1007, in the conduct of hearings which the Commission proposes to hold in respect to the rubber tire industry; and (2) enjoining defendants pending trial and perpetually from further proceedings under Rules 2.30 and 7.11 of the Commission's Published Rules of Practice and Procedure. The matter now before this Court is a motion by plaintiff for a preliminary injunction and a motion by defendants to dismiss. For the purposes of these motions and by consent of the parties this action and similar actions brought by the B. F. Goodrich Company, The Firestone Tire and Rubber Company and United States Rubber Company are consolidated.

The time for judicial review of the administrative proceeding in the Federal Trade Commission is not ripe. It is well settled that ordinarily relief by judicial action may not be had until administrative remedies have been exhausted. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638.

Of the rule requiring the exhaustion of administrative remedies the Court said in Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 1500, 91 L.Ed. 1796:

"The doctrine, wherever applicable, does not require merely the initiation of prescribed administrative procedures. It is one of exhausting them, that is, of pursuing them to their appropriate conclusion and, correlatively, of awaiting their final outcome before seeking judicial intervention.

"The very purpose of providing either an exclusive or an initial and preliminary administrative determination is to secure the administrative judgment either, in the one case, in substitution for judicial decision or, in the other, as foundation for or perchance to make unnecessary later judicial proceedings. Where Congress has clearly commanded that administrative judgment be taken initially or exclusively, the courts have no lawful function to anticipate the administrative decision with their own, whether or not when it has been rendered they may intervene either in presumed accordance with Congress' will or because, for constitutional reasons, its will to exclude them has been exerted in an invalid manner. To do this not only would contravene the will of Congress as a matter of restricting or deferring judicial action. It would nullify the congressional objects in providing the administrative determination."

Plaintiff contends that it will suffer irreparable injury if resort to a judicial remedy is delayed until after the pending administrative proceeding and stresses the inconvenience and cost of participating in said proceeding. Of such a contention the Court said in Utah Fuel Co. v. National Bituminous Coal Commission, 69 App.D.C. 333, 339, 101 F.2d 426, 432: "That some injury may result from appellants being forced to await the entry of a final order before securing judicial review is a regrettable but not controlling factor under such circumstances. Injury may result also from judicial determinations and from direct legislative action. '* * *' the expense and annoyance of litigation is "part of the social burden of living under government." ' "

The motion to dismiss must be sustained.

### Findings of Fact and Conclusions of Law

This case having come on to be heard upon plaintiff's motion for preliminary injunction and defendants' motion to dismiss, and the Court having considered the pleadings and affidavits, together with memoranda of points and authorities filed by the respective parties, and having heard argument of counsel, the Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. The Federal Trade Commission, an administrative agency, is now and since October 4, 1949, has been conducting a proceeding entitled File 203-1, In the Matter of the Rubber Tire Industry, to determine whether there should be fixed and established a quantity limit for replacement rubber tires and tubes, under the provisions of Section 2(a) of the Clayton Act as amended, 15 U.S.C.A. § 13, and in accordance with its published Rules of Practice and Procedure, 16 CFR, Ch. I, Parts 2 and 7, Rules of Practice 2.30, General Procedures 7.11, and such administrative proceedings are now pending and have not been completed.

2. On December 5, 1949, plaintiff, a Delaware corporation engaged in the sale of replacement rubber tires and tubes throughout the United States, petitioned the Commission, as an interested party, to amend its Rules of Practice and Procedure for the conduct of said proceeding, which petition was denied by the Commission on December 7, 1949.

3. Thereafter, on December 29, 1949, plaintiff brought this action against the Federal Trade Commission and its members, seeking a judgment (1) declaring that the proceeding to fix quantity limits was subject to the provisions of Sections 4, 7 and 8 of the Administrative Procedure Act; (2) perpetually enjoining defendants from further proceedings under or pursuant to its published Rules of Practice; and (3) an interlocutory injunction restraining defendants from proceeding further in File 203-1, In the Matter of the Rubber Tire Industry.

4. On January 6, 1950, plaintiff moved for preliminary injunction enjoining defendants from proceeding further in File 203-1, In the Matter of Rubber Tire Industry, on the ground that such proceeding would result in irreparable injury to plaintiff. Said motion was accompanied by affidavit of counsel and memorandum of points and authorities with respect to the merits, the jurisdiction of the Court and irreparable injury.

5. On January 11, 1950, defendants filed motion to dismiss this action on the ground that the Court did not have jurisdiction, and submitted therewith a memorandum of points and authorities addressed to the jurisdiction of the Court and to the lack of irreparable injury to plaintiff.

6. On January 12, 1950, counsel for plaintiff and defendants were heard on plaintiff's motion for preliminary injunction and defendants' motion to dismiss.

### Conclusions of Law

1. This Court lacks jurisdiction to interfere with the conduct of pending administrative proceedings.

2. The Court lacks jurisdiction over the subject matter of this action.