**HOLLAND FURNACE COMPANY,**
Holland, Michigan, Plaintiff,

v.

James A. PURCELL, Hearing Examiner, Federal Trade Commission, Washington 25, D. C., Defendant.

No. 2495.

United States District Court
W. D. Michigan, S. D.
Sept. 23, 1954.

Deeb, Dunn, Hoffius & Elferdink and Joseph F. Deeb and Earl Waring Dunn, Grand Rapids, Mich., Trenkamp & Coakley and Robert H. Trenkamp, Cleveland, Ohio, for plaintiff.

Wendell A. Miles, U. S. Atty., W. D. Mich., Grand Rapids, Mich., and James E. Corkey, Washington, D. C., for defendant.

STARR, District Judge.

The plaintiff, a Delaware corporation with its principal office and place of business in Holland, Michigan, is engaged in the manufacture and sale of warm-air furnaces and heating equipment. On May 4, 1954, the Federal Trade Commission issued its complaint against said Holland Furnace Company, the Commission's docket No. 6203, alleging that the company had violated certain provisions of the Federal Trade Commission Act and that a proceeding by the Commission in respect to such alleged violations would be in the public interest. In particular, the Commission's complaint alleged certain practices of the furnace company as being to the prejudice and injury of the public and the competitors

of the company, and constituted unfair acts and practices in commerce and unfair methods of competition in commerce within the intent and meaning of the Federal Trade Commission Act. The defendant James A. Purcell, a qualified hearing examiner of the Commission, was appointed as hearing examiner in this proceeding against the furnace company.

On September 15th of this year the plaintiff filed complaint in this court in which it asked that a temporary restraining order be issued restraining the defendant and those acting in concert with him, from holding any of the hearings scheduled in the August 18, and September 3, 1954, orders of the Commission's hearing examiner, (1) until such time as the plaintiff's appeals then pending before the Federal Trade Commission are disposed of and (2) until such time as the hearing examiner shall have disposed of certain motions then pending before him and (3) until the Commission shall have ruled on any appeal that the plaintiff may take from such rulings and (4) until such time as the plaintiff shall have been afforded an opportunity for submission and consideration of facts, arguments, offers of settlement or proposals of adjustment, as provided by § 5(b) of the Administrative Procedure Act, 5 U.S.C.A. § 1004 (b). Plaintiff further asked that an order be entered directing defendant to show cause why a temporary injunction should not be issued against him, and that upon final hearing said temporary injunction be made permanent.

Upon the filing of the complaint the court issued its temporary restraining order enjoining the defendant hearing examiner and persons acting with him from holding any of the hearings scheduled in the examiner's orders of August 18, and September 3, 1954, and directing the defendant to show cause before the court on September 24, 1954, why a preliminary injunction should not be issued as prayed for in the complaint. On September 17th the defendant filed a motion to dissolve the temporary restraining order, on the grounds: (1) that the complaint did not state a cause of action upon which the relief sought could be granted, and (2) that this court is without jurisdiction of the subject matter of the suit. A hearing was held on this motion, and the court has considered the pleadings and exhibits and the arguments and briefs of counsel. To present clearly the questions raised by the complaint and the defendant's motion to dissolve the temporary restraining order, it is necessary to set forth in some detail the allegations of the complaint. Plaintiff alleges in part:

"On May 4, 1954, the Federal Trade Commission issued its complaint against this plaintiff as respondent in the matter of Holland Furnace Company, a corporation, Federal Trade Commission Docket 6203, charging this plaintiff with certain violations of the Federal Trade Commission Act. Said complaint established June 29, 1954, as the time and Grand Rapids, Michigan, as the place for initial hearings to be held, and notified this plaintiff, as respondent, of its option to file answer to the allegations therein contained. Said complaint was received by this plaintiff on May 14, 1954.

"On May 18, 1954, this plaintiff, as respondent in the aforesaid administrative action, filed its request for an extension of time in which to answer.

"On June 10, 1954, plaintiff, as such respondent, filed its request that the initial hearing so scheduled be postponed until July 27, 1954.

"On June 16, 1954, defendant hearing examiner issued an order cancelling date of hearing and setting new date, which established July 27, 1954, as the time and Grand Rapids, Michigan, as the place for initial hearings in said administrative action.

"On June 23, 1954, plaintiff filed its answer of respondent to complaint and a motion for more definite

statement or bill of particulars, together with brief in support thereof. The former denied generally the allegations of the complaint, and specifically the allegations fundamental to the Commission's jurisdiction.

"On July 7, 1954, defendant hearing examiner issued ruling by hearing examiner on respondent's motion for bill of particulars, denying same.

"On July 13, 1954, defendant hearing examiner issued notice of hearings, establishing a schedule of hearings to be held in the cities of Grand Rapids, Michigan, Rock Island, Illinois, Chicago, Illinois, St. Louis, Missouri, Indianapolis, Indiana, and Cincinnati, Ohio, commencing on July 27, 1954, and continuing through August 12, 1954.

"On July 15, 1954, plaintiff, as respondent, transmitted to the secretary of the Commission for filing its appeal of ruling of hearing examiner on respondent's motion for bill of particulars, together with brief in support thereof and request for oral argument.

"On July 21, 1954, counsel (for Commission) supporting the complaint filed his brief in opposition to the appeal of respondent, aforesaid.

"On July 21, 1954, plaintiff, as respondent, transmitted to the secretary of the Commission for filing three separate motions and briefs in support thereof, namely:

"Motion for suspension and referral, seeking suspension of adversary proceedings in the matter at hand and the referral thereof to the bureau of industry cooperation of the Commission for informal consultation, negotiation, compromise and eventual settlement, in conformity with the Commission's published policies.

"Motion for preliminary hearing, requesting that a preliminary hear-ing or hearings be held to determine the question of jurisdiction which was at issue by reasons of its having been alleged in the complaint and denied in the answer.

"Motion to change place of hearing, seeking to remove the scheduled hearings to a location more convenient to this plaintiff.

"On July 22, 1954, defendant hearing examiner issued notice of cancellation of hearings, for the reason, as later set forth in the record, that the appeal of ruling by hearing examiner on respondent's motion for bill of particulars was then pending before the Commission.

"On July 27, 1954, the Commission issued its order denying appeal from ruling of hearing examiner, denying the appeal aforesaid.

"On July 29, 1954, counsel (for Commission) supporting the complaint filed their answer to respondent's motion for preliminary hearing, which was received by this plaintiff on July 31, 1954.

"On July 30, 1954, counsel supporting the complaint filed their answer to respondent's motion to change place of hearing, which was received by this plaintiff on August 3, 1954.

"On July 30, 1954, counsel supporting the complaint filed their answer to respondent's motion to suspend the hearings and refer the matter to the bureau of industry cooperation, which was received by this plaintiff on August 3, 1954.

"On August 2, 1954, plaintiff herein, as respondent, advised the defendant hearing examiner by telegram and confirming letter of its counsel, of the withdrawal of its motion for preliminary hearing and motion to change place of hearing. Said letter stated that the withdrawal was occasioned by the cancellation of the hearings theretofore scheduled, said schedule having been the object of the motions, and

that respondent did not thereby intend to waive its rights to file the same or similar motions, or any other motions seeking the modification of any schedule of hearings which might be promulgated in the future should such a schedule be found similarly objectionable.

"On August 3, 1954, the secretary of the Commission advised plaintiff by letter to its counsel, that its counsel's letter of withdrawal would be treated as a motion.

"On August 6, 1954, counsel (for Commission) supporting the complaint filed their answer to respondent's motion to withdraw without prejudice its prior motion for preliminary hearing and motion to change place of hearing, which was received by this plaintiff on August 10, 1954.

"On August 13, 1954, plaintiff filed brief of respondent in support of its letter of withdrawal of respondent's motion for preliminary hearing and motion to change place of hearing, which brief set forth objections to the treatment of its counsel's letter of withdrawal as a motion and reiterated that it intended thereby to waive no rights to file the same motions or similar motions, or any other motions, directed to the conduct of any hearings which might be scheduled in the future and found similarly objectionable.

"Notwithstanding, on August 18, 1954, defendant hearing examiner issued an order of hearing examiner fixing times and places of hearings, which order provided a schedule in form and manner identical to that previously issued and cancelled, the object of plaintiff's motions aforesaid, knowing or having the means of knowledge that the same would be objectionable to this plaintiff in the same manner and to the same extent as the previous schedule. Said order was received by this plaintiff on Friday, August 20, 1954.

"Thereafter, on August 20, 1954, before actual notice of the order of August 18 aforesaid had been received by this plaintiff, defendant hearing examiner issued an order granting respondent's motion to abandon its prior motions for a preliminary hearing and change of place of hearing, and order denying respondent's motion for suspension and referral. Said orders were received by this plaintiff on August 23, 1954.

"Counsel for plaintiff immediately set about preparation of, and on Friday, August 28, 1954, transmitted to the secretary of the Commission for filing, appeal of ruling of hearing examiner on respondent's motion for suspension and referral, together with brief in support thereof, and a memorandum acquiescing in the result achieved by the order of the defendant hearing examiner permitting the withdrawal of its motion for preliminary hearing and motion to change place of hearing, but reiterating its objection to the treatment of its counsel's letter of August 2, 1954, as a motion and recording its objection to the construction of that letter as a motion to 'abandon' its motions aforesaid. The preparation and filing of said appeal was accomplished within the ten-day period required by the rules of practice of the Commission, notwithstanding the pressure of other business and the fact that actual notice of the adverse ruling was received three days after the issuance thereof.

"Thereafter, with due regard to the pressure of other business, counsel for plaintiff began preparation of two motions and briefs in support thereof directed to and seeking to modify the conduct of the hearings scheduled by the aforesaid order of August 18, 1954. Owing to the intervention of the holiday week-end, September 3

through September 6, these motions were not completed until the evening of September 7, 1954, after the registry of the United States post office had closed. Since the rules of practice of the Commission require that all documents filed by mail be filed under register, these motions were transmitted by air mail to plaintiff's correspondent attorney in the city of Washington, D. C., with instructions to deliver the same to the secretary of the Commission for filing. Owing to the absence of said attorney from the city, the motions aforesaid remained in his office until September 10, 1954.

"In the meantime, on Friday, September 3, 1954, while the motions aforesaid were in preparation, defendant hearing examiner issued a supplemental order fixing places of hearings, which order contained the following language:

" 'Further ordered that all hearings scheduled in the order of August 18, 1954, will be conducted as ordered and irrespective of any interlocutory appeals, motions or other procedure unless, on order of the Commission, the proceeding be stayed. This advice is served in order that the parties may be under no misapprehension as to the necessity of proceeding promptly and as ordered.'

"Said order was received by this plaintiff on Wednesday, September 8, 1954, after it had dispatched its motions for filing as aforesaid.

"On September 10, 1954, plaintiff filed with the secretary of the Commission its two motions aforesaid, namely, motion for preliminary hearing and motion to change place of hearing, seeking thereby to modify the objectionable features of the hearings scheduled to begin on September 15, 1954, at Grand Rapids, Michigan.

"On the same date, September 10, 1954, plaintiff filed with the secretary of the Commission its appeal from supplemental order fixing places of hearings, and brief in support thereof, and application for stay of hearings, and brief in support thereof, seeking by the former the reversal of the order of September 3, 1954, which denied consideration of plaintiff's motion aforesaid, and by the latter to suspend the conduct of the scheduled hearings until such time as all pending matters should have been acted upon and the opportunity afforded this plaintiff for the pursuance of all administrative remedies provided by the statutes and rules applicable in the premises. Under the order of September 3, 1954, the first hearing was scheduled to be held in Grand Rapids, Michigan, on September 15, 1954, at two o'clock in the afternoon.

"Thus, there are presently pending before the defendant hearing examiner respondent's motion for preliminary hearing and motion to change place of hearing.

"There are presently pending before the Commission respondent's appeal of ruling of hearing examiner on respondent's motion for suspension and referral, appeal from supplemental order fixing places of hearings and application for stay of proceedings."

The plaintiff contends that the hearing examiner's supplemental order of September 3d, hereinbefore quoted, is an arbitrary and capricious abuse of discretion and denies plaintiff due process of law in the following particulars: (1) that said order denies the plaintiff a decision on the merits of its motion for preliminary hearing; (2) that it denies plaintiff a decision on the merits of its motion to change the places of hearings; (3) that it denies the plaintiff the right to administrative review on the merits of its motion for preliminary hearing; (4) that it denies plaintiff the right to administrative review on the merits of its motion to change places of hearings; (5) that it denies plaintiff's right of ap-

peal and administrative review of its appeal from rulings of the hearing examiner on plaintiff's motion for suspension and referral; (6) that it denies plaintiff's right to appeal and administrative review of its appeal from the supplemental order of September 3d fixing places of hearings; (7) that it prevents plaintiff from pursuing and exhausting its administrative remedies with respect to its motions and appeals and deprives it of judicial review on the merits of said motions and appeals; (8) and further that said order denies plaintiff the statutory right to an opportunity for the submission and consideration of facts, arguments, offers of settlement or proposals of adjustment prior to hearing. Plaintiff further contends that it has exhausted its administrative remedies insofar as it has been permitted to do so and that, unless restrained by order of this court, the hearing examiner will proceed with the conduct of the hearings scheduled in his orders of August 18th and September 3d, and will thereby cause plaintiff irreparable harm and injury and will deprive it of its property without due process of law; and that the alleged arbitrary and capricious actions of the Commission and the hearing examiner, unless enjoined, will inflict incalculable damage upon plaintiff's reputation and good will.

■ It is clear that the primary question presented by the plaintiff's complaint and the defendant's motion to dissolve the temporary restraining order is whether this court has jurisdiction to interfere with and enjoin certain steps and action being taken by the Federal Trade Commission in connection with its proceeding against the plaintiff company. In other words, does the administrative procedure expressly provided by the Federal Trade Commission Act, 15 U.S.C.A. § 41 et seq., accord the plaintiff due process of law, or does the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., give this court jurisdiction to review and enjoin certain steps and action being taken by the Commission and its hearing examiner in the course of its proceeding

against the plaintiff? To determine these questions the provisions of the Federal Trade Commission Act and the Administrative Procedure Act must be considered. The Federal Trade Commission Act by its express wording was enacted for the purpose of preventing the use of unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce. That act provides the procedure to be followed by the Federal Trade Commission when it shall have reason to believe that a person or partnership or corporation has been or is using any unfair methods of competition or unfair or deceptive acts or practices in commerce. Section 5(d) of the act provides that "the jurisdiction of the court of appeals of the United States to affirm, enforce, modify, or set aside orders of the Commission shall be exclusive," and § 5(e) provides that "such proceedings in the court of appeals shall be given precedence over other cases pending therein, and shall be in every way expedited." The act further provides that the judgment of the court of appeals may be reviewed by the Supreme Court of the United States. Therefore, it is clear that the Federal Trade Commission Act prescribes its own administrative procedure, including review of the Commission's orders by the court of appeals and the Supreme Court of the United States. It has been the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative procedural remedy has been exhausted. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638. In that case the Supreme Court said, 303 U.S. at pages 48–51, 58 S.Ct. at page 462–464:

"The District Court is without jurisdiction to enjoin hearings because the power 'to prevent any person from engaging in any unfair practice affecting commerce' has been vested by Congress in the (National Labor Relations) Board and the Circuit Court of Appeals, and Congress has declared: 'This power shall be

exclusive, and shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, code, law, or otherwise.' The grant of that exclusive power is constitutional, because the act provided for appropriate procedure before the Board and in the review by the Circuit Court of Appeals an adequate opportunity to secure judicial protection against possible illegal action on the part of the Board. * *

"Since the procedure before the Board is appropriate and the judicial review so provided is adequate, Congress had power to vest exclusive jurisdiction in the Board and the Circuit Court of Appeals. Anniston Manufacturing Co. v. Davis, 301 U.S. 337, 343–346, 57 S.Ct. 816, 819, 820, 81 L.Ed. 1143.

"The corporation contends that, since it denies that interstate or foreign commerce is involved and claims that a hearing would subject it to irreparable damage, rights guaranteed by the Federal Constitution will be denied unless it be held that the District Court has jurisdiction to enjoin the holding of a hearing by the Board. So to hold would, as the Government insists, in effect substitute the District Court for the Board as the tribunal to hear and determine what Congress declared the Board exclusively should hear and determine in the first instance. The contention is at war with the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. That rule has been repeatedly acted on in cases where, as here, the contention is made that the administrative body lacked power over the subject matter.

"Obviously, the rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage."

In Home Loan Bank Board v. Mallonee, 9 Cir., 196 F.2d 336, 380, 381, the court said:

"Great emphasis is laid on the injury to Association that would result from pursuit of the tendered administrative remedy, but this concept runs counter to the well settled rule that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted, and this is true though it be asserted (as here) that the mere holding of the prescribed administrative hearing would result in irreparable damage. See Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638; Macauley v. Waterman S. S. Corp., 327 U.S. 540, 544, 545, 66 S. Ct. 712, 90 L.Ed. 839; Goldsmith v. U. S. Board of Tax Appeals, 270 U.S. 117, 123, 46 S.Ct. 215, 70 L.Ed. 494; Federal Power Commission v. Arkansas Power & Light Co., 330 U.S. 802, 67 S.Ct. 963, 91 L.Ed. 1261. See also pre-Administrative Procedure Act comments in 51 Harvard Law Review, p. 1251 and Yale Law Journal, Vol. 51, No. 7, p. 1093. * * *

"The doctrine of exhaustion of administrative remedies requires not merely the initiation of prescribed administrative procedures; it requires pursuing them to their appropriate conclusion and awaiting their final outcome before seeking judicial intervention. Such is the view expressed by the Supreme Court in Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 767, 67 S.Ct. 1493, 1500, 91 L.Ed.

1796, where it goes on to point out 'The very purpose of providing either an exclusive or an initial and preliminary administrative determination is to secure the administrative judgment either, in the one case, in substitution for judicial decision or, in the other, as foundation for or perchance to make unnecessary later judicial proceedings.' "

In the 1953 cumulative supplement to 42 Am.Jur., Public Administrative Law, § 197, page 45, it is stated:

"The Administrative Procedure Act would appear to have left unaffected the established prerequisite of judicial review that the aggrieved party have exhausted his administrative remedy."

See also Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796; McGrath, Attorney General, v. Zander, 85 U.S.App.D.C. 334, 177 F.2d 649; Mondakota Gas Co. v. Montana-Dakota Utilities Co., D.C., 103 F.Supp. 666; Call v. Richfield Oil Corp., D.C., 101 F.Supp. 972; Goodyear Tire & Rubber Co., Inc., v. Federal Trade Commission, D.C., 88 F.Supp. 789; Olin Industries, Inc., v. National Labor Relations Board, D.C., 72 F.Supp. 225; Aron v. Federal Trade Commission, D.C., 50 F.Supp. 289, 290.

█ The plaintiff Holland Furnace Company, as the respondent in the proceedings against it by the Federal Trade Commission, has not exhausted its administrative remedies provided by the Federal Trade Commission Act. However, the plaintiff contends that the administrative provisions of the Federal Trade Commission Act must be considered in the light of and in connection with the provisions of the Administrative Procedure Act. That is, the plaintiff claims that the action of the Commission and the hearing examiner's order of September 3d hereinbefore quoted, deny it rights prescribed by the Administrative Procedure Act. In particular, the plaintiff claims that it is denied exhaustion of its administrative remedies, denied review on the merits of its motion to change the places of hearings, denied its right of administrative review of its appeal from rulings of the hearing examiner on its motion for suspension and referral, and denied its rights under § 5(b) of the Administrative Procedure Act, 5 U.S.C.A. § 1004(b), which provides:

"The agency shall afford all interested parties opportunity for (1) the submission and consideration of facts, arguments, offers of settlement, or proposals of adjustment where time, the nature of the proceeding, and the public interest permit, and (2) to the extent that the parties are unable so to determine any controversy by consent, hearing, and decision upon notice and in conformity with sections 7 and 8."

In other words, plaintiff contends that this court has jurisdiction to enjoin the action and steps being taken by the Federal Trade Commission and its hearing examiner, until such time as the plaintiff has been afforded the rights which it claims under the Administrative Procedure Act. To determine the question presented by this contention requires consideration of the provisions of the Administrative Procedure Act. Section 10 of that act, 5 U.S.C.A. § 1009, provides in part:

"Except so far as (1) statutes *preclude* judicial review or (2) agency action is by law committed to agency discretion—

"(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof.

"(b) The form of proceeding for judicial review shall be any special statutory review proceeding relevant to the subject matter in any court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action (including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas cor-

pus) in any court of competent jurisdiction. Agency action shall be subject to judicial review in civil or criminal proceedings for judicial enforcement except to the extent that prior, adequate, and exclusive opportunity for such review is provided by law."

Subsection (c) of § 10 of the Administrative Procedure Act is particularly important, as it is directly applicable to the question presented by the defendant's motion to dissolve the temporary restraining order. That section provides in part:

"Every agency action made reviewable by statute and every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review. Any preliminary, procedural, or intermediate agency action or ruling not directly reviewable shall be subject to review upon the review of the final agency action."

In considering this last quoted provision of the Administrative Procedure Act it should be kept in mind that the Federal Trade Commission Act expressly provides for the administrative remedy of judicial review by the court of appeals and the Supreme Court of the United States and that it has been held that such administrative remedy constitutes due process of law. It should also be kept in mind that under the last quoted provision of the Administrative Procedure Act any preliminary, procedural or intermediate action or rulings by the Federal Trade Commission and its hearing examiner would be subject to review, upon the review of the final action of that Commission. Subsection (d) of the Administrative Procedure Act provides:

"Pending judicial review any agency is authorized, where it finds that justice so requires, to postpone the effective date of any action taken by it. Upon such conditions as may be required and to the extent necessary to prevent irreparable injury, every reviewing court (including every court to which a case may be taken on appeal from or upon application for certiorari or other writ to a reviewing court) is authorized to issue all necessary and appropriate process to postpone the effective date of any agency action or to preserve status or rights pending conclusion of the review proceedings."

As hereinbefore stated, the principal question is whether this district court has jurisdiction to review the intermediate steps and action being taken by the Commission and its hearing examiner and to enjoin such action. In considering this question, it must always be kept in mind that § 5(d) of the Federal Trade Commission Act provides that the jurisdiction of the court of appeals of the United States to affirm, enforce, modify or set aside orders of the Commission shall be exclusive. In Royal Baking Powder Co. v. Federal Trade Commission, 59 App.D.C. 70, 32 F.2d 966, in affirming the lower court's decree which refused to grant an injunction against the Federal Trade Commission, the court said at page 968:

"It is well settled that the right of review herein afforded by the Circuit Court of appeals constitutes a 'plain, speedy, and adequate remedy at law,' and is a bar to the remedy by injunction."

See also Miles Laboratories, Inc., v. Federal Trade Commission, 78 U.S.App. D.C. 326, 140 F.2d 683. In Home Loan Bank Board v. Mallonee, 9 Cir., 196 F.2d 336, 357, the court said:

"Long ago the Supreme Court announced the principle that 'Courts will not issue injunctions against administrative officers on the mere apprehension that they will not do their duty or will not follow the law.' Waite v. Macy, 246 U.S. 606, 609, 38 S.Ct. 395, 396, 62 L.Ed. 892. Cf. Lehmann v. State Board, etc., 263 U.S. 394, 397, 44 S.Ct. 128, 68 L.Ed. 354. See also cases cited in Footnote 7 herein and the illuminating discussion on the question of exhaustion of administrative remedies

as a prerequisite to suit, in Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796."

In Brisbois v. Hague, D.C., 85 F.Supp. 13, 14, the court said:

"A sound basis for this Court's jurisdiction cannot be found in the Administrative Procedure Act, 5 U.S.C.A. § 1009, the Declaratory Judgments Act, 28 U.S.C.A. § 2201, and the Tucker Act, 28 U.S.C.A. § 1346. Olin Industries, Inc., v. National Labor Relations Board, D.C., 72 F.Supp. 225, 228, decided in this Circuit, is authority for the proposition that the Administrative Procedure Act 'is merely declaratory of the existing law of judicial review and that it neither confers jurisdiction on this court above and beyond that which it already has, nor grants to aggrieved parties any rights they did not have under the National Labor Relations Act (29 U.S.C.A. § 151 et seq.).' Nor does the Declaratory Judgments Act extend the jurisdiction of this Court beyond its usual limitations. Massachusetts Protective Ass'n, Inc., v. Kittles, 5 Cir., 1924, 2 F.2d 211; Love v. United States, 8 Cir., 1939, 108 F.2d 43; Di Benedetto v. Morgenthau, 1945, 80 U.S.App.D.C. 34, 148 F.2d 223."

In A. & M. Brand Realty Corp. v. Woods, Housing Expediter, D.C., 93 F. Supp. 715, 716, the court said:

"Judicial review of administrative action, however, existed long before the Administrative Procedure Act was enacted. The purpose of that Act was to extend judicial review that had previously existed and to prescribe procedure and scope of judicial review. Such judicial review as existed outside of the Act remained unaffected by it."

To hold with the plaintiff's contentions in the present case would in effect substitute this court in the place of the Federal Trade Commission as the tribunal to hear and determine matters which the Congress declared that Commission should hear and determine in the first instance.

In Aron v. Federal Trade Commission, D.C., 50 F.Supp. 289, at page 290, the court said:

"This court is without jurisdiction to enjoin any proceedings before the Federal Trade Commission.

"A proceeding before the Commission is a statutory proceeding, under the provisions of Section 5 of the Act. Jurisdiction to determine what constitutes unfair acts or practices in commerce, within the meaning of the Act, is vested exclusively in the Commission—and this Court may not substitute its jurisdiction for that of the Commission for the purpose of determining whether the acts and practices charged in the Commission's complaint constitute unfair acts or practices, which the Commission alone is authorized to restrain.

"The Federal Trade Commission Act provides for full hearing to persons charged with its violation. The Act further provides that any cease and desist order made by the Commission may be reviewed *by the United States Circuit Court of Appeals, and that the jurisdiction of the Circuit Court of Appeals to affirm, enforce, set aside, or modify any order of the Commission is exclusive, under Section 5(d) of the Act.*

"Apart from the fact that the Circuit Courts alone are vested with exclusive jurisdiction to review orders of the Federal Trade Commission, it is well settled that the conduct of a statutory proceeding by an administrative agency of the government, where judicial review is provided for by the enabling statute, may not be enjoined by either a District Court or a Circuit Court of Appeals.

"As was stated in Myers et al. v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 51, 52, 58 S.Ct. 459, 464, 82 L.Ed. 638: 'Obviously, the rule requiring exhaustion of the administrative remedy can not be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage. Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact.'"

In Olin Industries, Inc., v. National Labor Relations Board, D.C., 72 F.Supp. 225, 228, in considering the provisions of the Administrative Procedure Act, the court said:

"Both the terms of this section, and its legislative history, make it clear that section 10 is merely declaratory of the existing law of judicial review and that it neither confers jurisdiction on this court above and beyond that which it already has, nor grants to aggrieved parties any rights they did not have under the National Labor Relations Act."

■ The fact that administrative action by the Federal Trade Commission or its hearing examiner may be erroneous, does not create any exception to the rule that the administrative processes provided in that act must be exhausted before other judicial relief is sought. In Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 767, 67 S.Ct. 1493, 1500, 91 L.Ed. 1796, the court said:

"The doctrine, wherever applicable, does not require merely the initiation of prescribed administrative procedures. It is one of exhausting them, that is, of pursuing them to their appropriate conclusion and, correlatively, of awaiting their final outcome before seeking judicial intervention.

"The very purpose of providing either an exclusive or an initial and preliminary administrative determination is to secure the administrative judgment either, in the one case, in substitution for judicial decision or, in the other, as foundation for or perchance to make unnecessary later judicial proceedings. Where Congress has clearly commanded that administrative judgment be taken initially or exclusively, the courts have no lawful function to anticipate the administrative decision with their own, whether or not when it has been rendered they may intervene either in presumed accordance with Congress' will or because, for constitutional reasons, its will to exclude them has been exerted in an invalid manner. To do this not only would contravene the will of Congress as a matter of restricting or deferring judicial action. It would nullify the congressional objects in providing the administrative determination."

See also Lichter, doing business as Southern Fireproofing Co., v. United States, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694; Johnson v. Nelson, 86 U.S. App.D.C. 98, 180 F.2d 386.

■ The plaintiff further contends that unless this court maintains the restraining order issued in this case, it will suffer irreparable injury and will suffer needless expense in having to participate in the scheduled Federal Trade Commission hearings. This point was considered in Goodyear Tire & Rubber Co., Inc., v. Federal Trade Commission, D.C., 88 F.Supp. 789, where the court said at page 790:

"Plaintiff contends that it will suffer irreparable injury if resort to a judicial remedy is delayed until after the pending administrative proceeding and stresses the inconvenience and cost of participating in said proceeding. Of such a contention the Court said in Utah Fuel Co. v. National Bituminous Coal

Commission, 69 App.D.C. 333, 339, 101 F.2d 426, 432: 'That some injury may result from appellants being forced to await the entry of a final order before securing judicial review is a regrettable but not controlling factor under such circumstances. Injury may result also from judicial determinations and from direct legislative action. " * * * the expense and annoyance of litigation is 'part of the social burden of living under government.' " ' "

The plaintiff in the present case cites and strongly relies upon Riss & Co., Inc., v. United States, 341 U.S. 907, 71 S.Ct. 620, 95 L.Ed. 1345, reversing Riss & Co., Inc., v. United States, D.C., 96 F.Supp. 452; United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54; and Stanard v. Olesen, 74 S.Ct. 768. A careful reading of these decisions clearly indicates that they are not in point and are not determinative of the issues here involved.

■ From consideration of the allegations of the plaintiff's complaint, the provisions of the Federal Trade Commission Act and the Administrative Procedure Act, and the many authorities herein cited and discussed, the court concludes: (1) that the plaintiff has not exhausted the administrative remedies provided by the Federal Trade Commission Act; (2) that the administrative remedies provided by the Federal Trade Commission Act afford the plaintiff due process of law; (3) that the preliminary, procedural, and intermediate action or rulings of the Federal Trade Commission and its hearing examiner, of which the plaintiff complains, are all reviewable by the United States court of appeals upon its review of the final agency action of the Commission; (4) that as the Federal Trade Commission Act expressly provides for judicial review of the Commission's action, this court is without jurisdiction to interfere with or enjoin any steps or action being taken by the Commission in connection with its complaint and proceeding against the plaintiff; (5) that the defendant's motion to dissolve the temporary restraining order entered September 15, 1954, should be granted.

■ In the course of the hearing on the defendant's motion to dissolve the temporary restraining order, his counsel moved for the entry of an order requiring the plaintiff to give additional security in the amount of $7,000 for the payment of the defendant's costs and damages, and also moved for an order that the security given by the plaintiff should be and stand as security for the costs and damages sustained by the Federal Trade Commission rather than by the individual defendant. These motions are denied. The security in the amount of $500 filed by the plaintiff upon the issuance of the temporary restraining order would appear to be ample to cover the actual and necessary costs and damages sustained by the defendant. The Federal Trade Commission is not named as a party defendant in this action and has not intervened therein, but it may be assumed that the security for costs and damages of the defendant filed by the plaintiff will inure to the benefit of the Commission.

In accordance with this opinion an order will be forthwith entered granting the defendant's motion to dissolve and set aside the temporary restraining order entered September 15, 1954. An order will also be entered denying the defendant's motion for additional security for costs and damages. No court costs will be allowed in connection with these motions.