**GENERAL ELECTRIC COMPANY,**
Plaintiff,

v.

**Reed JOHNSTON, Regional Director,**
**National Labor Relations Board,**
Defendant.

Civ. No. 2279.

United States District Court
W. D. North Carolina,
Asheville Division.

Nov. 27, 1964.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, NLRB, Gary Green and William Wachter, Attys., NLRB, Washington, D. C., and Bernard Ness, Regional Atty., NLRB, Winston-Salem, N. C., for defendant.

William W. Sturges, Charlotte, N. C., for plaintiff.

CRAVEN, Chief Judge.

General Electric Company seeks in this action to enjoin the Regional Director[1] of the National Labor Relations Board from litigating in an unfair labor practice proceeding certain matters which were the subject of a settlement agreement entered into between G. E. and the Regional Director. The Director has filed a motion to dismiss the action on the ground that the district court lacks jurisdiction of the subject matter, and, alternatively, either seeks dismissal or summary judgment on the ground that the Complaint and the exhibits attached to the Complaint clearly disclose that G. E. has no cause of action, and that the Complaint fails to state a claim upon which relief can be granted.

■ There is, of course, because there must be, jurisdiction to determine jurisdiction. Since United States district courts are courts of limited rather than general jurisdiction, they must necessarily have the power to determine, subject to review, whether jurisdiction has been accorded over the subject matter of a suit. United States v. United Mine Workers of America, 330 U.S. 258, 67 S. Ct. 677, 91 L.Ed. 884 (1947). See Wright, Federal Courts, Section 16, p. 44 (1963). To make that determination the merits must be examined—at least to some extent.

On October 3, 1963, the Regional Director issued a complaint charging that G. E. violated the National Labor Relations Act by unlawfully discharging employee Earl Schultz. On April 7, 1964, a settlement agreement was entered into between NLRB and G. E. The agreement provided for payment of $6,012.26 to Schultz to make him "whole", and further provided that G. E. would publish certain notices to employees, and incorporate by reference an attached notice into the settlement agreement. The attached notice to all employees stated, in substance, that G. E. would obey the National Labor Relations Law, i. e., that G. E. would not interrogate its employees about union activities, and would not threaten, interfere, restrain, or coerce employees in the exercise of their right to self-organization. General Electric specifically contracted that it would comply with all the terms and provisions of said notice. Conversely, the Regional Director agreed to take no further action in the Schultz case "contingent upon compliance with the terms and provisions" of the contract by G. E.

Subsequently, the International Union of Electrical, Radio and Machine Workers filed new charges with the NLRB alleging that G. E. had unlawfully discharged two more employees. After an investigation, the Regional Director set aside the settlement agreement and filed a consolidated complaint against G. E. in all three cases. General Electric's motion to stike from the complaint those charges which were the subject of the April 7 settlement was denied by the Trial Examiner. Thereupon this suit was brought.

■ General Electric asserts that jurisdiction exists in this court under 28 U.S.C.A. § 1337,[2] and under the inherent equity power of the court. Numerous cases have established that United States distict courts may sometimes review actions and orders of the National Labor Relations Board. Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). See Annotation: Judicial Review of NLRB Action, 3 L.Ed.2d 1686–1703. But it must be taken as settled that Board action in connection with unfair labor practice proceedings, as compared with representation proceedings, is *ordinarily* reviewable only under the provisions of the Labor Relations Statute and only in the courts of appeals. Wheth-

1. For the region including North Carolina, within which state G.E. operates a plant at Hendersonville, at which plant the disagreements arose.

2. Title 28 U.S.C.A. § 1337: "The district court shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

er this court has subject matter jurisdiction and whether the Complaint states a cause of action upon which relief can be granted are but two sides of the same coin. The question of subject matter jurisdiction and the merits of the matter overlap. Both come down to the ultimate question: has the District Director acted so improperly as to warrant district court intervention? Cf. Deering Milliken, Inc. v. Johnston, 295 F.2d 856 (4th Cir. 1961); Olin Industries v. NLRB, 72 F.Supp. 225 (D.C.Mass.1947); Farmer v. United Electrical, Radio & Machine Workers, 93 U.S.App.D.C. 178, 211 F.2d 36 (1953), cert. denied 347 U.S. 943, 74 S.Ct. 638, 98 L.Ed. 1091 (1954). See also 43 C.J.S. Injunctions § 138, p. 704.

██ ██ It is clear from the Complaint and the exhibits attached that the Regional Director has done nothing to warrant district court action. Anomalously, to so affirm is to deny jurisdiction.

It is settled that subsequent violations of the National Labor Relations Act will breach a settlement agreement involving unfair labor practices and permit the Regional Director to vacate such an agreement and proceed with a complaint based upon conduct occurring prior to the agreement. Wallace Corp. v. NLRB, 323 U.S. 248, 253–255, 65 S.Ct. 238, 89 L.Ed. 216 (1944).

Although the Director concedes that he has vacated the settlement agreement, it is more accurate to say that he has done so only tentatively. Under the Board's own decisional rules, the unfair labor practice following the settlement must be substantial to justify vacating the settlement, and, in determining whether independent unfair labor practices have occurred after a settlement, the Board will not appraise a respondent's subsequent conduct in the light of the conduct prior to the settlement. W. Ralston & Co., 131 NLRB 912, 917; Baltimore Luggage Co., 126 NLRB 1204, 1408; Jackson Manufacturing Co., 129 NLRB 460, 461–462; Larrance Tank Corp., 94 NLRB 352,

353. Counsel for the Regional Director assures the court that in the proceedings which will follow, a decision on the post-settlement conduct will be made first, both by the Trial Examiner and by the Board. Unless the general counsel proves by independent evidence that the plaintiff committed an unfair labor practice after execution of the settlement agreement, the Board will dismiss the entire proceeding and refuse to consider the conduct which occurred before the settlement. Thompkins Motor Lines, 142 NLRB 1, 3; Peter Kiewit Sons' Co., 136 NLRB 119, n. 2; IBEW Local 861 (Plausche Electric Co.), 135 NLRB 250, 256; Jackson Manufacturing Co., 129 NLRB 460, 461–462.

It is plain, therefore, that the Director has not finally vacated the settlement agreement. In his consolidated complaint he admits to more than has been done. General Electric has not yet been injured. No order has yet been rendered by the Board. The Board may exonerate it of the charges in all three cases. Moreover, G. E. has already paid its money and posted the notice in the Earl Schultz case. Little more can be required of it in any event!

General Electric's chief complaint seems to be that it will be put to the expense and difficulty of defending its pre-settlement conduct. Mr. Justice Brandeis partly answered this contention in a different context in Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 at 645: "Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact."

General Electric has an adequate remedy at law by direct appeal to the court of appeals after entry of a final order by the Board if it should be aggrieved. No likelihood of irreparable injury appears. General Electric's motion for a restraining order and a preliminary injunction will be denied. Motion of the Regional Director to dismiss will be granted.