The WOLF CORPORATION, Appellant,

v.

SECURITIES AND EXCHANGE COM-
MISSION et al., Appellees.

No. 17355.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 21, 1962.

Decided Feb. 14, 1963.

1. No appeal was taken by the plaintiffs from the judgment in favor of Washington Gas Light Company.

Mr. Arnold I. Burns, New York City, of the bar of the Court of Appeals of New York, *pro hac vice*, by special leave of court, with whom Mr. Milton E. Mermelstein, New York City, was on the brief, for appellant. Mr. Max Tendler, Washington, D. C., also entered an appearance for appellant.

Mr. Walter P. North, Associate General Counsel, Securities and Exchange Commission, of the bar of the Supreme Court of Michigan, *pro hac vice*, by leave of court, with whom Mr. Elwood L. Englander, Asst. General Counsel, Securities and Exchange Commission, was on the brief, for appellees. Mr. Robert L. Mc-Closkey, Attorney, Securities and Exchange Commission, also entered an appearance for appellees.

Before WILBUR K. MILLER, DANAHER and BURGER, Circuit Judges.

BURGER, Circuit Judge.

The District Court denied a preliminary injunction sought by appellant to restrain the Securities and Exchange Commission from conducting a hearing growing out of a registration statement filed by appellant under the Securities Act of 1933, 15 U.S.C. § 77a et seq. The registration statement covered a proposed offering of stock and convertible debentures. More than seven hundred thousand shares of the same stock were and are now held by the public.

Appellant filed its registration statement with the Securities and Exchange Commission on January 26, 1962; it included a reservation, the consequence of which was to defer the effective date of registration.[1] Conversations between appellant's counsel and the Commission staff led to an amendment of the registration statement which was filed June 1, 1962.

On July 13, the Commission entered an order directing its staff to proceed with an investigation of the registration. Securities Act of 1933, §§ 8(e) and 20(a), 15 U.S.C. §§ 77h(e), 77t(a) and Securities Exchange Act of 1934, § 21(a), 15 U.S.C. § 78u(a). The investigation began on July 16 and continued until July 27, 1962. During the course of the investigation, on July 25, counsel for the Wolf Corporation orally informed the Commission of its intention to withdraw its registration statement and on August 6 submitted written notice of withdrawal. The Commission denied appellant's application to withdraw the registration statement.[2]

On September 24, 1962, the Commission ordered a hearing to be held to determine whether a stop order should is-

1. "The registrant hereby amends this registration statement on such date or dates as may be necessary to delay its effective date until the registrant shall file a further amendment which specifically states that this registration statement shall thereafter become effective in accordance with Section 8(a) of the Securities Act of 1933 or until the registration statement shall become effective on such date as the Commission, acting pursuant to said Section 8(a), may de-

termine." See SEC General Rule 473, 17 C.F.R. 230.473 (Supp.1962).

2. The Commission's rules make its consent a prerequisite to withdrawal of a registration statement. 17 C.F.R. 230.477 (1949). The Commission, in its brief, construes the issuance of an order fixing a hearing under § 8(d) of the Securities Act of 1933, infra n. 3, as a denial of the application to withdraw the registration statement.

sue against appellant's registration statement.[3] The hearing which was scheduled to begin on October 8, was postponed to October 22, by agreement of the parties. On October 20, before any hearing began, appellant brought this suit to enjoin the Commission from holding the stop order hearing scheduled for October 22. Its motion for a temporary restraining order was denied the same day and on October 24, its motion for preliminary injunction was denied by the District Court. Appellant sought a stay of the order of the District Court pending appeal, which was denied by this court on November 2, 1962. At the suggestion of the Commission the argument of this appeal from the District Court was expedited and is now before us on the merits. The Commission volunteered to suspend the hearing until the appeal was decided.

The primary contention of the Commission in the District Court and on appeal is that the District Court lacks jurisdiction to enjoin the Commission from conducting stop order hearings not yet begun.

Appellant contends that absent judicial review until after the agency hearing on the merits irreparable injury would result. It points to the effect that a stop order proceeding would have on appellant's ability to secure capital and claims that the stop order would have to be set aside on appeal because of a denial of due process by the Commission. This allegation would seem to be sufficient to invoke the equity jurisdiction of the District Court under 28 U.S.C. § 1337.[4]

The District Court denied the petition for preliminary injunction not because of lack of jurisdiction of the subject matter but for failure to state a claim for relief. Fed.R.Civ.P. 12(b) (6).[5] Examination of the record before the District Court satisfies us that the District Court's action was correct. Appellant's complaint for injunctive relief, in the context in which this case arises, can be read in no other way than an attempt to have the courts review the validity of the Commission's interlocutory order initiating the stop order hearing which appellant seeks to enjoin.[6] A brief consideration of appellant's contentions will demonstrate why the District Court was correct in holding that the complaint did not assert a claim for relief cognizable by the District Court.

■ First, appellant argues that the Commission has no power to issue a stop order against a pre-effective registration statement once the registrant has filed notice of his intention to withdraw the statement. This contention is jurisdictional insofar as it challenges the validity of SEC Rule 477, 17 C.F.R. 230.477 (1949), which provides that the consent of the Commission is a prerequisite for the withdrawal of a registration state-

3. Securities Act of 1933, § 8(d), 15 U.S.C. § 77h(d) (1958) authorizes the Commission to "issue a stop order suspending the effectiveness of [a] registration statement" for the sale of securities when it appears that such statement includes false statements or omissions of material facts. However, the stop order may not issue until after the Commission has given the registrant an opportunity to be heard.

4. "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." See Leedom v. Kyne, 358 U.S. 184, 187, 79 S.Ct. 180, 183, 3 L.Ed.2d 210 (1958); Stark v. Wickard, 321 U.S. 288, 290 n. 1, 64 S.Ct. 559, 88 L.Ed. 733 (1944); Amos Treat & Co.

v. Securities and Exchange Commission, 113 U.S.App.D.C. 100, 306 F.2d 260 (1962). Compare R. A. Holman & Co. v. Securities and Exchange Commission, 112 U.S.App.D.C. 43, 299 F.2d 127, cert. denied, 370 U.S. 911, 82 S.Ct. 1257, 8 L. Ed.2d 404 (1962).

5. The Commission contends on appeal that the District Court denied the petition on the grounds of lack of jurisdiction. Our reading of the memorandum opinion of the District Judge convinces us that the Commission's interpretation is incorrect.

6. A stop order issued at the culmination of proceedings is subject to direct review in the Court of Appeals. 15 U.S.C. § 77i; Oklahoma-Texas Trust v. Securities and Exchange Commission, 100 F.2d 888 (10th Cir., 1939).

ment. To preclude the Commission from enforcing a rule such as this would be to say that even a false statement in a registration statement is beyond the reach of the law if the registrant recalls his statement before inquiry can evaluate its truth, falsity or significance. Broad considerations of public policy, in addition to the need to protect investors, support the validity of Rule 477. We hold that Rule 477, as applied in this case, is valid. Resources Corporation International v. Securities and Exchange Commission, 70 App.D.C. 58, 103 F.2d 929 (1939); Columbia General Investment Corp. v. Securities and Exchange Commission, 265 F.2d 559 (5th Cir., 1959); Peoples Securities Co. v. Securities and Exchange Commission, 289 F.2d 268 (5th Cir., 1961). See Jones v. Securities and Exchange Commission, 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015 (1936).

■ Second, appellant contends that the Commission's failure to comply with Administrative Procedure Act, § 9(b), 5 U.S.C. § 1008(b), makes any further proceeding vulnerable to jurisdictional attack. The Administrative Procedure Act, § 9(b), relates to the revocation of licenses. Appellant's position is that a stop order proceeding against a pre-effective registration statement is in legal effect a revocation of a license within the statutory contemplation. Proceeding from that premise, appellant argues that the Commission failed to afford it an opportunity to achieve compliance prior to the institution of stop order proceedings. We express no opinion now as to the applicability of the Administrative Procedure Act, § 9, to stop order proceedings against pre-effective registration statements. However, assuming the applicability of that section, the Commission could still establish, at the hearing, that appellant's activity was willful conduct or that it jeopardized the public interest, in which case there would be no requirement that appellant be given an opportunity to comply prior to proceedings.

Appellant's attack on the Commission's conduct of its preliminary investigation is irrelevant for appellant seeks an injunction to terminate the stop order hearing, not the preliminary investigation which ended on July 27, 1962.

■ Appellant's claims relating to evidence allegedly seized in violation of the Fourth Amendment and the challenge to the authority of the Commission to order a combined proceeding under the authority of Securities Act of 1933, § 8(e), 15 U.S.C. § 77h(e), and Securities Exchange Act § 21(a), 15 U.S.C. § 78u(a), neither of which is jurisdictional in nature, must first be made to the Commission before they are ripe for judicial examination. R. A. Holman & Co. v. Securities and Exchange Commission, 112 U.S.App.D.C. 43, 299 F.2d 127, 130, cert. denied, 370 U.S. 911, 82 S.Ct. 1257, 8 L.Ed.2d 404 (1962). See also Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 341 U.S. 246, 251, 71 S.Ct. 692, 95 L.Ed. 912 (1951); Neisloss v. Bush, 110 U.S.App.D.C. 396, 293 F.2d 873 (1961).

We are not unmindful that a stop order proceeding is a drastic regulatory measure but it is equally clear that Congress intended to vest broad power in the Commission. The Commission has evolved many informal devices to aid applicants to fulfill the registration requirements of the Act. One for example is the letter of comment which affords a basis for a registrant to correct errors and supply deficiencies. It is a relatively rare case where the Securities and Exchange Commission is compelled to use the drastic method of instituting a stop order proceeding. We recognize the grave consequences which may flow from the institution of such proceeding. But Congress has determined that such a proceeding was essential to give the Commission the necessary tools for administering the Act which relies primarily on public disclosure.

Judicial power to impose prior restraint is not called an extraordinary remedy without reason. Even as between private parties the ordinary remedy is legal action after injury. Prior restraint is granted only upon a strong showing and is subject to definite and well es-

tablished limitations. Prior restraint against governmental action, regular on its face and under color of authority, is even more cautiously exerted. Still higher hurdles stand in the way of prior restraint against the processes of a regulatory body exercising quasi-judicial powers which can be judicially reviewed as a matter of right before they become final. In this third category the jurisdiction of the regulatory or administrative body is exercised within the framework of a statutory scheme in which it acts as an arm of Congress; moreover it has established patterns of procedure and acts in a context where courts have long acknowledged a considerable deference to the specialized experience and competence of such a body. To exert judicial power to stop processes of this third category, which can always be judicially reviewed when the story is fully told and recorded, is an extraordinary step in the usual as well as the legally artful sense of that word. One who seeks our employment of such powers must make the strongest kind of showing; his jurisdictional "t's" must be crossed and the factual "i's" dotted.

The reasons for this restrained attitude on our part are plain if we look at the whole panorama. When Congress vested broad powers in the Commission it was not unaware of possible risks of misuse or even abuse of those powers by administrators. But except in very unusual and limited circumstances Congress did not contemplate a grant of jurisdiction to the courts to prevent abuse or misuse of power by prior restraint of the exercise of the powers. Instead judicial review after full hearing was accorded. While this does not preclude judicial restraint in advance of the administrative process in all circumstances, such relief is to be very sparingly applied and is limited to cases where on its face the contemplated hearing or other administrative process, if consummated, would be set aside on review on procedural grounds. Amos Treat & Co. v. Securities and Exchange Commission, 113 U.S.App.D.C. 100, 306 F.2d 260, 265

(1962); Farmer v. United Elec., Radio & Machine Workers, 93 U.S.App.D.C. 178, 211 F.2d 36 (1953), cert. denied, 347 U. S. 943, 74 S.Ct. 638, 98 L.Ed. 1091 (1954).

The judgment of the District Court denying the injunction is

Affirmed.