**FRITO–LAY, INC., Appellant,**

v.

**FEDERAL TRADE COMMISSION et al.,**
**Appellees.**

**No. 23811.**

United States Court of Appeals
Fifth Circuit.

June 21, 1967.

---

3. Of course findings are neither necessary nor useful in a summary judgment proceeding.

Gilbert T. Adams, of Adams & Browne, Beaumont, Tex., Ernest P. Rogers, of Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., Edward F. Howrey, Richard T. Colman, of Howrey, Simon, Baker & Murchison, Washington, D. C., for appellant.

James McI. Henderson, Gen. Counsel, J. B. Truly, Asst. Gen. Counsel, Harold D. Rhynedance, Jr., Atty. F. T. C., Harvey L. Zuckman, Alan S. Rosenthal, Robert V. Zena, Attys., Dept. of Justice, Washington, D. C., Charles K. Ruth, Asst. U. S. Atty., Beaumont, Tex., Barefoot Sanders, Asst. Atty. Gen., William Wayne Justice, U. S. Atty., Washington, D. C., for appellees.

Before THORNBERRY, GOLDBERG and DYER, Circuit Judges.

PER CURIAM.

This action was instigated by appellant, a respondent in a proceeding before the Federal Trade Commission brought pursuant to Section 7 of the Clayton Act, 15 U.S.C. § 18. Appellant alleged in the court below that the administrative proceeding was outside of the jurisdiction of the Commission and in violation of appellant's rights under the Administrative Procedure Act, 5 U.S.C. § 1001 et seq.[1] The district court dismissed the complaint for failure to exhaust administrative remedies.

It would require a detailed and extensive discussion to set out the facts and to chronicle the administrative and judicial proceedings that have preceded this appeal. Agreeing as we do with the district court's dismissal of appellant's complaint, such a discussion is not required.

Jurisdiction to review proceedings conducted by the Federal Trade Commission pursuant to Section 7 of

---

1. The relief sought by appellant was a temporary injunction of further administrative proceedings, and a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

the Clayton Act, 15 U.S.C. § 18, is conferred upon the Courts of Appeals by Section 11(c) of the Act, 15 U.S.C. § 21(c). Section 11(d), 15 U.S.C. § 21(d), makes that jurisdiction exclusive. All constitutional, jurisdictional, substantive, and procedural issues arising in Commission proceedings may be considered in a Section 11(c) appeal, Section 10(c) (e), Administrative Procedure Act, 5 U.S.C. § 1009(c) (e), and this statutory right to review has long been viewed as constituting a speedy and adequate remedy at law. F. T. C. v. Claire Furnace Co., 1927, 274 U.S. 160, 47 S.Ct. 553, 71 L.Ed. 978; Royal Baking Powder Co. v. F. T. C., 1929, 59 App.D.C. 70, 32 F.2d 966; Transamerica Corp. v. McCabe, D.D.C.1948, 80 F.Supp. 704. Where Congress has provided an adequate procedure for judicial review of administrative actions, that procedure must be followed. Only in extraordinary cases will parties be allowed to deviate from this statutory course and seek injunctive relief from the district court, short circuiting the administrative procedures. The writings of the Supreme Court are unsettled as to when a showing of jurisdictional defect will be considered as justification for such a deviation.[2] Judicial intervention without exhaustion of administrative remedies is not justified, however, where, as here, the merit of appellant's jurisdictional attack is far from clear, the administrative body may be more qualified than the court to initially consider the jurisdictional question, and the injury sought to be avoided is merely the normal cost of administrative litigation. See Davis, Administrative Law Text §§ 20.01–.03 (1959).

 In like manner, we do not feel that the alleged violations of the Administrative Procedure Act justify judicial action at this time. We cannot now say that, on a statutory review, any possible order adverse to appellant entered by the Commission would have to be set aside because of the procedural irregularities alleged. In fact, only upon completion of the Commission proceedings can any meaningful evaluation of the effect of the supposed irregularities be made. Under these circumstances, judicial intervention is certainly not called for. See Bokat v. Tidewater Equipment Co., 5th Cir. 1966, 363 F.2d 667; Wolf Corp. v. S. E. C., 1963, 115 U.S.App.D.C. 75, 317 F.2d 139.

The judgment of the district court dismissing appellant's complaint is affirmed, and the stay of administrative proceedings pending appeal is vacated.

---

2. See, e.g., Allen v. Grand Central Aircraft Co., 1954, 347 U.S. 535, 74 S.Ct. 745, 98 L.Ed. 933; Franklin v. Jonco Aircraft Corp., 1953, 346 U.S. 868, 74 S.Ct. 126, 98 L.Ed. 378.