The COCA–COLA COMPANY, a corporation, et al., Plaintiffs,

v.

FEDERAL TRADE COMMISSION, Defendant.

Civ. A. No. 16484.

United States District Court,
N. D. Georgia,
Atlanta Division.

May 16, 1972.

Miller, Martin, Hitching, Tipton, Lenihan, & Waterhouse, Chattanooga, Tenn., King & Spalding, White & Case, Atlanta, Ga., for The Coca-Cola Co.

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., for Coca-Cola Bottling Co. (Thomas), Inc., Coca-Cola Bottling Works (Thomas), Inc. & Coca-Cola Bottling Works 3rd, Inc.

Sutherland, Asbill & Brennan, Atlanta, Ga., for Elberton Coca-Cola Bottling Co., Roddy Mfg. Co., Westminster Coca-Cola Bottling Co., Inc., Coca-Cola Bottling Co. of Keene, Inc., Ann Arbor Coca-Cola Bottling Co., The Scioto Coca-Cola Bottling Co. & Texas Coca-Cola Bottling Co.

Ronald M. Dietrich, Gen. Counsel, Federal Trade Comm., Washington, D. C., for defendant.

ORDER

RICHARD C. FREEMAN, District Judge.

In this action for injunctive and declaratory relief, plaintiffs attack an interlocutory order of the Federal Trade Commission (hereinafter referred to as FTC) entered in an adjudicative proceeding pending before the FTC. Plain-

tiffs are a soft drink manufacturer, The Coca-Cola Company, and ten bottling companies who package and distribute its products. Defendant is a regulatory agency of the United States—FTC. Plaintiffs assert that this court has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1337 (antitrust), 28 U.S.C. § 1361 (mandamus) and 28 U.S.C. § 1651 (All Writs Act).

Plaintiffs have moved for a preliminary injunction. Defendant has moved to dismiss the action. On May 3, 1972 this court heard argument on the above motions.

## STATEMENT OF THE CASE

Plaintiff, Coca-Cola, is a Delaware corporation with its principal office and place of business in Atlanta, Georgia. Coca-Cola is engaged primarily in the business of manufacturing syrups and concentrates used by over nine hundred (900) contract bottlers in the preparation of soft drink products under its trademarks, including the trademark Coca-Cola. The bottlers, licensed by Coca-Cola to sell in certain geographical areas, mix the concentrate purchased from Coca-Cola, package it in bottles and resell the product. In addition to manufacturing and selling soft drink products, Coca-Cola also operates bottling plants in twenty-six (26) cities and sells soft drink products to retailers in those areas.

Plaintiffs, Coca-Cola Bottling Co. (Thomas), Inc.; Coca-Cola Bottling Works (Thomas), Inc.; and Coca-Cola Bottling Works 3rd, Inc. (hereinafter referred to as Thomas Companies), are Delaware corporations with their principal offices and places of business in Chattanooga, Tennessee. The Thomas Companies are parent bottlers who have operated for many years under contract with Coca-Cola whereby they purchase concentrate from Coca-Cola for resale to numerous bottlers which have obtained licenses from the Thomas Companies to bottle and resell Coca-Cola products within certain geographical territories.

The remaining plaintiffs (hereinafter referred to as FTC Intervenor Bottlers) are corporations organized, existing and having their principal offices and places of business as follows: Elberton Coca-Cola Bottling Company, Elberton, Georgia; Roddy Manufacturing Company, Knoxville, Tennessee; Westminster Coca-Cola Bottling Company, Inc., Westminster, Maryland; Coca-Cola Bottling Company of Keene, Inc., Keene, New Hampshire; Ann Arbor Coca-Cola Bottling Company, Ann Arbor, Michigan; The Scioto Coca-Cola Bottling Company, Circleville, Ohio; Texas Coca-Cola Bottling Company, Abilene, Texas. The FTC Intervenor Bottlers are engaged in the processing and sale of Coca-Cola products in designated territories pursuant to bottler contracts.

Defendant, FTC, is an administrative agency of the United States charged with, among other things, the duty of investigating, issuing and prosecuting in its adjudicative proceedings alleged violations of the antitrust laws.

On July 15, 1971, the FTC issued an administrative complaint (Docket No. 8855) charging The Coca-Cola Company (hereinafter referred to as Coca-Cola), Coca-Cola Bottling Co. (Thomas), Inc., Coca-Cola Bottling Works (Thomas), Inc. and Coca-Cola Bottling Works 3rd, Inc. with a violation of Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45).[1] Specifically, the administrative complaint[2] charges that, in the course of their business, Coca-Cola and the Thomas Companies have entered into licenses

---

1. Section 5(a) provides in part:
   (1) Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful.

   .    .    .    .    .

   (6) The Commission is empowered and directed to prevent persons, partnerships, or corporations . . . from using unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce.

2. The FTC also issued administrative complaints involving seven (7) other soft drink manufacturers, alleging similar theories.

with their bottler customers whereby the bottlers agree not to resell Coca-Cola products outside a designated geographical area, and that such license provisions constitute an unfair method of competition.

Coca-Cola and the Thomas Companies filed an answer admitting the material facts in the complaint, including the existence of the territorial restrictions; but they denied the alleged violation of law. The FTC Intervenor Bottlers applied for and were granted permission to intervene in the proceeding.

Plaintiffs filed motions to dismiss the administrative complaint in Docket 8855 for failure to join indispensable parties. In their motions, plaintiffs contended that all bottlers licensed to bottle and distribute Coca-Cola products are indispensable parties to the administrative adjudication and therefore must be joined. On March 23, 1972, the FTC denied plaintiffs' motions to dismiss.[3]

Plaintiffs instituted the present action seeking: (1) a declaratory judgment decreeing that the bottlers of plaintiff Coca-Cola and plaintiff Thomas Companies are indispensable to the FTC proceeding challenging the contractual provisions and, the FTC having willfully failed to join them as parties, the complaint therein should be dismissed; and (2) an injunction enjoining the FTC from conducting any further proceedings in Docket 8855 as long as the bottlers are not joined as parties to said proceeding, and, failing that, requiring defendant to dismiss the complaint therein.

Plaintiffs base the requests for relief on the allegations that unless the FTC is enjoined it will proceed with the adjudication without all the bottlers being parties and should the FTC prevail therein with respect to its challenge to the exclusive territorial provisions of the bottlers' contracts:

"(a) Plaintiffs Coca-Cola and the Thomas Companies would be subject to two inconsistent decrees, to wit: the decree of the United States District Court of Delaware [4] and the order of the Federal Trade Commission;

---

3. Plaintiffs initially presented their motions to the hearing examiner who denied them on January 7, 1972. Plaintiffs sought review of the hearing examiner's order by filing an application for permission to file an interlocutory appeal under the FTC's Rules of Practice (16 C.F.R. § 3.23) or, in the alternative, to treat the motions as certified to the Commission by the hearing examiner pursuant to FTC's Rules of Practice (16 C.F.R. § 3.22). Since the Commission found that the hearing examiner did not have authority to add parties, it dealt with plaintiffs' motions under the latter Rule, stating that:

The Commission has made a distinction however, between those instances in which the motion to dismiss challenges the Commission's legal power to issue the complaint and those in which it seeks to probe the Commission's discretion or judgment on whether or not a proceeding would be in the public interest. It is only in the latter instance in which the examiner is considered to be without authority to rule. See, The Drive-X Company, Inc., Docket No. 8615, Order Denying Application for Leave to File Interlocutory Appeal, or in the Alternative for an Order Requiring Certification of Question, June 10, 1964. While

it is clear that the present situation falls within the former, i. e., the category of cases challenging the Commission's legal authority to issue the complaint, and hence within the examiner's authority to decide, we have nevertheless determined that that question is so intertwined with the question of amending the complaint by the addition of parties that both should have been certified to the Commission. Order Ruling on Motions to Dismiss for Failure to Join Indispensable Parties, The Coca-Cola Company, et. al, Docket No. 8855 (March 23, 1972) at 4.

4. Without passing on the merits of this contention the court makes the following comments. In The Coca-Cola Bottling Co. v. The Coca-Cola Co., 269 F. 796 (D.Del. 1920) the court considered the legality of a 1894 contract between Coca-Cola and a predecessor to the Thomas Companies. Under that contract, Coca-Cola, which previously had sold syrup only through soda fountains, licensed the distribution of soft drink in bottles and granted exclusive right to establish plants throughout a large part of the United States. In 1919, Coca-Cola and the bottling company had a disagreement concerning a price

(b) The judicially declared property rights of the bottlers who are not parties, including the rights of said bottlers vis-a-vis other such bottlers, would be altered;

(c) All bottlers must have the opportunity to be heard further in other proceedings in defense of their property rights. As a result thereof, without the presence of the bottlers, Docket 8855 cannot result in effective relief of the kind sought by defendant Commission;

(d) Plaintiffs and the public would also be subject to multiple litigation and would be deprived of the right to a settlement of the dispute by wholes;

(e) The ultimate resolution of the matter will be inordinately delayed;

(f) The proceeding would have to be dismissed or repeated with the bottlers as parties;

(g) Bottlers might be forced out of business."

Plaintiffs contend that a continuation of the proceedings in Docket No. 8855 without the presence of the bottlers as parties will deprive plaintiffs of their rights to due process of law and to basic fairness under the Fifth Amendment to the Constitution of the United States and the Administrative Procedure Act.

Since defendant's motion to dismiss raises the issue of this court's jurisdiction to entertain the present action, the court will deal with it first.

## JURISDICTION

■ Although plaintiffs contend that the present action is a suit for a declaratory judgment and injunctive relief to protect plaintiffs' fundamental rights and to prevent the exercise of engaging in a potentially futile trial, the court believes that it is more appropriately characterized as a collateral suit to review agency action which is procedural in nature. Thus, the court will treat this as an action seeking judicial review of an administrative decision.

Both plaintiffs and defendant concede that the FTC's order denying plaintiffs' motion to dismiss is reviewable. Therefore, the questions for this court to determine are: first, when is the FTC's action reviewable; and second, by whom is it reviewable? The first question presents the issues of ripeness and exhaustion, while the second question presents the issue of the proper court—District Court or Court of Appeals. In determining the answers to these questions the court will look first to the statutory law and then to the case law.

## STATUTORY LAW

Congress has delegated the administration of the Federal Trade Commission Act (15 U.S.C. § 41 et seq.) (hereinafter referred to as the Act) to the FTC. That delegation gives the FTC jurisdiction to institute and conduct adjudicative proceedings whenever it has reason to

---

rise in the cost of syrup. Coca-Cola attempted to unilaterally terminate the contract. The bottling company sued for specific performance. Coca-Cola defended, *inter alia*, on the grounds that the terms of the contract violated federal antitrust laws. The court held that the contract was not terminable at the will of Coca-Cola. The court also held that the various restrictions in the contract were ancillary to the main purpose of the contract which was to develop a system of distributing the soft drink in bottles. Thus, the "territorial provision", whereby Coca-Cola agreed to "select [the bottling company] as its sole and exclusive customer and

licensee for the purpose of bottling Coca-Cola in the territory heretofore acquired . . . " (269 F. at 802), was found to be reasonable. However, there is no mention in the case of any provision whereby the bottlers agree not to sell Coca-Cola products outside a certain territory which is the provision under attack in the present FTC proceeding Docket No. 8855. Thus, it would appear that unless such a provision can be inferred from the above quote, the legality of the "territorial provision" under attack in the FTC proceedings was not ruled upon by the Delaware Court.

believe that an unfair method of competition is being used and a proceeding would be in the public interest.[5] If, as a result of such adjudicative proceeding, the FTC finds that there has been an unfair method of competition practiced, it has the power to issue cease-and-desist orders.[6] Section 5(c) of the Act confers jurisdiction to review cease-and-desist orders upon the courts of appeals.[7] That jurisdiction is made exclusive by Section 5(d).[8] The Act is silent as to any other type of judicial review. Since no cease-and-desist order has been entered, this court must look elsewhere.

Plaintiffs assert that the Administrative Procedure Act (5 U.S.C. § 551 et seq.) makes such agency action reviewable at this time. The review provision of Section 10 of that Act provides in part:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. 5 U.S.C. § 704.

Before determining when the above section makes the FTC's denial of plaintiffs' motions to dismiss reviewable, it is necessary to characterize the denial of a motion to dismiss in an agency adjudication.

Since the agencies frequently refer to the Federal Rules of Civil Procedure to make procedural determinations in their proceedings, the court will use the federal judicial proceedings by way of analogy. In a proceeding before a federal district court the denial of a motion to dismiss is not a final order and therefore is not appealable. 2A Moore's Federal Practice, Section 12.14 at 2338. Thus, a denial of a motion to dismiss is interlocutory in character. Under the Federal Rules of Appellate Procedure, Rule 5 (a), appeal of an interlocutory order may be had under certain circumstances. However, Federal Rules of Appellate Procedure, Rule 20, excludes the application of Rule 5 interlocutory appeals from review or enforcement of agency orders. Thus, it would appear that Congress did not provide for any review of interlocutory agency orders in the Federal Rules.

Turning now to the review provisions of Section 10 of the Administrative Procedure Act, the first sentence addresses itself to agency action which is reviewable by statute or final in character. The court has determined that the Federal Trade Commission Act does not provide for review of the denial of a motion to dismiss and the court is not aware of any other statutory provision making such action reviewable. The court has characterized the FTC's action as interlocutory rather than final. Thus, the first sentence of Section 10 does not confer the power on this court to review the FTC's action. The second sentence of Section 10 provides for review of "preliminary, procedural, or intermediate agency action" on the review of final agency action. Since interlocutory is synonymous with intermediate, the Administrative Procedure Act provides for review of the FTC's denial of plaintiffs' motion to dismiss only upon review of a cease-and-desist order entered by the FTC as a result of the adjudicative proceeding in Docket 8855. However, such review is in the exclusive jurisdiction of the Court of Appeals. Thus, there is no statutory basis for this court's jurisdiction over the present action. Therefore, if this court has jurisdiction, then it must be conferred by case law.

---

5. 15 U.S.C. § 45 et seq. Docket 8855 is such a proceeding.

6. Plaintiffs do not contest the FTC's authority to conduct adjudicative proceeding dealing with alleged unfair methods of competition. Neither do plaintiffs contest the FTC's authority to issue cease-and-desist orders to prevent such practices.

7. 15 U.S.C. § 45(c).

8. 15 U.S.C. § 45(d).

CASE LAW

██ In view of the statutory prescription of judicial review of agency action directly in a court of appeals, district courts ordinarily lack jurisdiction to review agency action. Thus, where Congress has provided an adequate procedure for judicial review of administrative action, that procedure must be followed. Only in extraordinary cases will parties be allowed to deviate from this statutory course and seek injunctive relief from the district court, short-circuiting the administrative procedures. The court agrees with and adopts the reasons for the exhaustion doctrine as stated by Mr. Chief Justice Burger, while a circuit judge, in Wolf Corp. v. Securities and Exchange Commission, 115 U. S.App.D.C. 75, 317 F.2d 139 (1963):

> Judicial power to impose prior restraint is not called an extraordinary remedy without reason. Even as between private parties the ordinary remedy is legal action after injury. Prior restraint is granted only upon a strong showing and is subject to definite and well established limitations. Prior restraint against governmental action, regular on its face and under color of authority, is even more cautiously exerted. Still higher hurdles stand in the way of prior restraint against the processes of a regulatory body exercising quasi-judicial powers which can be judicially reviewed as a matter of right before they become final. In this third category the jurisdiction of the regulatory or administrative body is exercised within the framework of a statutory scheme in which it acts as an arm of Congress; moreover it has established patterns of procedure and acts in a context where courts have long acknowledged a considerable deference to the specialized experience and competence of such a body. To exert judicial power to stop processes of this third category, which can always be judicially reviewed when the story is fully told and recorded, is an extraordinary step in the usual as well as the legally artful sense of that word. One who seeks our employment of such powers must make the strongest kind of showing; his jurisdictional "t's" must be crossed and the factual "i's" dotted.
>
> The reasons for this restrained attitude on our part are plain if we look at the whole panorama. When Congress vested broad powers in the Commission it was not unaware of possible risks of misuse or even abuse of those powers by administrators. But except in very unusual and limited circumstances Congress did not contemplate a grant of jurisdiction to the courts to prevent abuse or misuse of power by prior restraint of the exercise of the powers. Instead judicial review after full hearing was accorded. While this does not preclude judicial restraint in advance of the administrative process in all circumstances, such relief is to be very sparingly applied and is limited to cases where on its face the contemplated hearing or other administrative process, if consummated, would be set aside on review on procedural grounds. 317 F.2d at 142–143.

There are however cases which recognize very narrow and extraordinary exceptions to the general rule requiring exhaustion of administrative remedies. Plaintiffs contend that the present action falls within the limited exceptions carved out of the exhaustion doctrine by the cases. Although most of the exceptions have been established in labor cases, the principles established are equally as applicable to actions before the FTC.

Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L. Ed. 638 (1938) established that a district court did not have jurisdiction to enjoin the hearing of a case before, or to review any interlocutory order of, the National Labor Relations Board because Congress had vested the exclusive power of review in the Circuit Courts of Appeal and for the additional reason that " . . . no one is entitled to judicial relief for a supposed or threatened injury

until the prescribed administrative remedy has been exhausted." *Myers, supra,* at 50, 58 S.Ct. at 463. The *Myers* ruling has consistently been approved and the principle has become well established that a district court does not possess the power to police either the procedural or the substantive purity of a proceeding in progress before an agency. Bokat v. Tidewater Equipment Co., 363 F.2d 667 (5th Cir. 1966).

The *Myers* principle is, however, not without exceptions and case law has allowed district court interference in agency proceedings in a few narrowly circumscribed instances, all of which have been thought to be based upon "exceptional circumstances". Boire v. Miami Herald Publishing Company, 343 F.2d 17 (5th Cir. 1965).

The first exception is where the suit tenders a "public question particularly high in the scale of our national interest because of their international complexion." McCulloch v. Sociedad Nacional de Marineros de Honduras, 372 U.S. 10, 17, 83 S.Ct. 671, 675, 9 L.Ed.2d 547 (1963). There the court permitted review of an NLRB election order because of the international overtones involved in the Board's application of the National Labor Relations Act to foreign maritime crews. In the present case, there is no international implication or urgency as there was in *Sociedad Nacional.* Thus, the present action does not fall within this exception.

A second exception to the rule of exhaustion was fashioned by the Second Circuit in Fay v. Douds, 172 F.2d 720 (2d Cir. 1949). This exception allows a district court to assert jurisdiction where there has been a substantial showing that agency action has violated the constitutional rights of the complaining party. This exception has only limited application in the Fifth Circuit. See Boire v. Miami Herald Publishing Company, 343 F.2d 17, 21 at n. 7 (5th Cir. 1965). Plaintiffs may be attempting to invoke this exception by alleging that by failing to join all the Coca-Cola bottlers as indispensable parties the FTC is denying them due process and basic fairness. The court finds this proposition has no merit. Since a party to a judicial action before a federal district court could not be said to be denied due process by a court's denial of a motion to dismiss for failure to join indispensable parties, the same must hold true for a party to an administrative action. See Frito-Lay v. Federal Trade Commission, 380 F.2d 8 (5th Cir. 1967).

A third exception was developed by the court in Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). There the court permitted review of the NLRB's certification of a bargaining unit which included both professional and nonprofessional employees even though the professional employees had not consented to inclusion in the otherwise nonprofessional unit. This action was in direct defiance of an express provision of the National Labor Relations Act. The District Court, whose judgment was affirmed by the Second Circuit, held that the Board had acted in excess of its powers and set aside the Board's determination even though it was not a "final order". On appeal the Board contended that the District Court lacked jurisdiction to entertain the suit. In this extreme factual context the Supreme Court held that the District Court had original jurisdiction:

> This suit is not one to "review," in the sense of that term as used in the Act, a decision of the Board made within its jurisdiction. Rather it is one to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act. . . . Plainly, this was an attempted exercise of power that had been specifically withheld. It deprived the professional employees of a "right" assured to them by Congress. Surely, in these circumstances a Federal District Court has jurisdiction of an original suit to prevent deprivation of a right so given. 358 U.S. at 188, 189, 79 S.Ct. at 184.

*Leedom* could easily have opened the doors to the Federal District Courts for numerous attacks on agency action. However the exception created by *Lee-*

*dom* has remained very narrow. The narrowness of this exception was pointed out by the Fifth Circuit in United States v. Feaster, 410 F.2d 1354 (5th Cir. 1969):

> . . . Leedom v. Kyne represents only a narrow and rarely successfully invoked exception to the doctrine that exhaustion of administrative procedure is a condition precedent to federal court jurisdiction. Under this exception access to the courts is accorded only if the Mediation Board's determination is infused with error which is of a *summa* or *magna* quality as contraposed to decisions which are simply *cum* error. Only the egregious error melds the Board's decision into justiciability. Lesser malignancies thwart the jurisdiction of the courts. (cases cited) at 1368.

In the present action there is no statutory prohibition or provision of the Federal Trade Commission Act which the FTC is alleged to have violated. Even if on review by the Court of Appeals it was found that the FTC should have joined all the bottlers as indispensable parties, the FTC's failure to do so is not such an abuse by it that it is obvious on its face that it has acted incorrectly. Even if it was, the court does not believe that this is the kind of agency action protected against by the *Leedom* exception. Accordingly the court finds that the present action does not fall within this exception.

A fourth exception is recognized by the Fourth Circuit. In Deering-Milliken Inc. v. Johnston, 295 F.2d 856 (4th Cir. 1961), an action was brought pursuant to Section 10(e) of the Administrative Procedure Act [5 U.S.C. § 1009(e)] to compel agency action wrongfully withheld. The Court concluded that Section 6(a) of the Administrative Procedure Act [5 U.S.C. § 1005(a)] gave the complaining party a "specific statutory right" to have his hearing concluded with reasonable dispatch and that, as judicial review to prevent delay was adequate only through district court intervention,

a district court was vested with the power to act. Delay on the part of the agency was considered implicitly to constitute exhaustion of administrative remedies. This exception has no application to the present case since there has been no delay on the part of the FTC.

The court has also considered the other cases relied on by plaintiffs such as: McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); Skinner & Eddy Corp. v. United States, 249 U.S. 557, 39 S.Ct. 375, 63 L.Ed. 772 (1919); Jewel Companies, Inc. v. Federal Trade Commission, 432 F.2d 1155 (7th Cir. 1970); Davis v. Secretary, Dept. of Health, Education and Welfare, 386 F.2d 429 (4th Cir. 1967); Wolf Corp. v. Securities Exchange Commission, 115 U.S.App.D.C. 75, 317 F.2d 139 (1963); The Coca-Cola Company v. Federal Trade Commission (N.D.Ga.1972), Civil Action No. 15436; Lehigh Portland Cement Co. v. Federal Trade Commission, 291 F.Supp. 628 (E.D.Va.1968); Union Bag—Camp Paper Corp. v. Federal Trade Commission, 233 F.Supp. 660 (S.D.N.Y.1964); Yanish v. Wixon, 81 F.Supp. 499 (N.D.Cal.1948). None of these cases creates any new exception or broadens any of the above exceptions.

Thus, this court has been unable to find any case which has broadened the exhaustion doctrine to the point where the denial of a motion to dismiss for failure to join indispensable parties by an administrative agency can amount to the kind of agency action which will create jurisdiction in a Federal District Court to grant review or relief of any kind.

This court has been unable to find jurisdiction in either the statutory law or the case law to entertain the present action. Thus, the answers to the questions before the court as to when review of the FTC action is available and by whom the FTC's action is reviewable, are at the time any cease-and-desist order is reviewed and that review must be by the Court of Appeals.

Accordingly, defendant's motion to dismiss is hereby granted. .

It is so ordered.